DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Robert A. Coy has appealed from a decision of the Akron Municipal Court, which granted judgment in favor of Plaintiff-Appellee Singtong Saipin in the amount of $1,356.52. This Court affirms.
 I {¶ 2} On January 14, 2003, Appellee filed a complaint in the Akron Municipal Court, alleging that Appellant was indebted to him in the amount of $1,550; in an amended complaint, Appellee requested $1,970. Appellee contended that Appellant owed the debt as a result of the following: Appellant's failure to pay rent for five months, from July 2002 through November 2002; fees incurred as a result of photocopying bank statements to be submitted as evidence; and attorney fees. Appellant filed a counterclaim, in which he argued that he was entitled to $725. In his counterclaim, Appellant maintained that he was entitled to $325 pursuant to R.C. 5321.16(C), in addition to the value of certain personal items wrongfully withheld by Appellee.
 {¶ 3} A hearing on the matter was held before a magistrate. After reviewing the evidence presented by the parties, the magistrate found in favor of Appellee and awarded him $1,356.72, plus court costs. The magistrate denied Appellant's counterclaim. Appellant timely filed objections to the magistrate's decision. However, Appellant failed to submit a transcript of the hearing with his objections. The trial court overruled Appellant's objections, and adopted the magistrate's decision.
 {¶ 4} Appellant has timely appealed, asserting two assignments of error. We have consolidated Appellant's assignments of error for ease of analysis.
 II Assignment of Error Number One
"The magistrate's decision is against the manifest weight of the evidence."
 Assignment of Error Number Two
"The magistrate's decision is contrary to law[.]"
 {¶ 5} In Appellant's first and second assignments of error, he has argued that the magistrate's decision, and in effect the trial court's decision, was against the manifest weight of the evidence and was contrary to law. This Court disagrees.
 {¶ 6} Civ.R. 53(E)(3)(b) provides, in pertinent part:
"Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available."
 {¶ 7} Pursuant to Civ.R.53(E)(3)(b), an objecting party must provide a transcript or affidavit to support his objections to a magistrate's finding of fact. This Court has held that the duty to provide a transcript to the trial court rests with the person objecting to the magistrate's decision. Weitzel v. Way, 9th Dist. No. 21539, 2003-Ohio-6822, at ¶ 17, citing Walther v.Newsome, 11th Dist. No. 2002-P-0019, 2003-Ohio-4723, at ¶ 20, appeal not allowed (2003), 100 Ohio St.3d 1547. If, however, transcripts are unavailable, Civ.R.53(E)(3)(b) allows the objecting party to support his objections with an affidavit when: (1) the party demonstrates that a transcript is not available; and (2) the affidavit describes all the relevant evidence presented at the hearing and not just the evidence that the party feels is significant. Weitzel, 2003-Ohio-6822, at ¶ 17, citingGalewood v. Terry Lumber Supply Co. (Mar. 6, 2002), 9th Dist. No. 20770, at 2-3, citing Csongei v. Csongei (July 30, 1997), 9th Dist. No. 18143, at 3-5.
 {¶ 8} The record reveals that although Appellant filed a copy of the transcript of the hearing before the magistrate on appeal, he failed to file said transcript with the trial court when he filed his objections to the magistrate's decision. Further, Appellant did not file an affidavit in lieu of a transcript. Because Appellant failed to file a transcript with the trial court, this Court is without the authority to consider the transcript. An appellate court "cannot consider a transcript of the magistrate's hearing that was not before the trial court when it considered the objections to the magistrate's decision."Remington Prods. Co. v. First Energy Servs. Corp., 9th Dist. No. 03CA0005-M, 2003-Ohio-4523, at ¶ 2; see, also, Mollica v.Mollica, 9th Dist. No. 02CA0079-M, 2003-Ohio-3921, at ¶ 6;Molnar v. Molnar (June 20, 2001), 9th Dist. No. 3102-M, at 4.
 {¶ 9} This Court has previously explained that "[w]hen a party fails to file a transcript or an affidavit as to the evidence presented at the magistrate's hearing, the trial court, when ruling on the objections, is required to accept the magistrate's findings of fact and to review only the magistrate's conclusions of law based upon those factual findings." (Citations omitted.) Stewart v. Taylor, 9th Dist. No. 02CA0026, 2002-Ohio-6121, at ¶ 11. Similarly, this Court, in reviewing the trial court's decision, must accept all of the trial court's findings of fact as true and only review the trial court's conclusions of law based upon the accepted findings of fact.Galewood, supra. A trial court's legal conclusions are afforded no deference, but are reviewed de novo. Canton Fin. v. Pritt,
9th Dist. No. 01CA0048, 2002-Ohio-2645, at ¶ 7.
 {¶ 10} After reviewing Appellant's brief, we find that the only challenges to the trial court's decision that this Court can address include Appellant's argument that 1) he was "holding over his term in part" and that thereby "a tenancy of sufferance was created"; 2) Appellee "engaged in constructive eviction in part. [Appellee] did not permit [Appellant] to recover his possessions until he was informed that the police would be called and a report filed. * * * Therefore, during the time period in question [Appellant] did not have control over the premises"; and 3) "[t]he Landlord breached the rental agreement by permitting a new tenant to move into the rental premises that had a prior arrest record and a possible cancelled housing contract with the University of Akron under its Student Conduct policy." In support of his last argument, Appellant has maintained that Appellee breached the warranty of implied habitability by allowing another tenant with a criminal record to move onto the premises.
 {¶ 11} Due to the fact that Appellant failed to provide the trial court with a transcript of the hearing with its objections to the magistrate's decision, this Court does not know what evidence, if any, Appellant produced to support his allegations and claims. Accordingly, this Court concludes that the trial court did not err in adopting and affirming the magistrate's findings. Boggs v. Boggs (1997), 118 Ohio App.3d 293, 301. "Furthermore, without an adequate record, a court of appeals must presume [the] regularity of the [trial] court's judgment based on the [magistrate's] report and recommendations." (Alterations sic.; citations omitted.) Ferrone v. Kovack, 9th Dist. No. 3279-M, 2002-Ohio-3625, at ¶ 8. As such, Appellant's first and second assignments of error lack merit.
 III {¶ 12} Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
Baird, J., Slaby, J., Concur.