**[Cite as *Welch v. Prompt Recovery Servs., Inc.*, 2015-Ohio-3867.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

PATRICIA WELCH

    Appellee

v.

PROMPT RECOVERY SERVICES, INC.,
et al.

    Appellants

C.A. No.    27175

APPEAL FROM JUDGMENT
ENTERED IN THE
STOW MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    2012 CVF 1636

DECISION AND JOURNAL ENTRY

Dated: September 23, 2015

WHITMORE, Judge.

{¶1} Appellants Prompt Recovery Services, Inc. ("Prompt") and Glenn Ivancic appeal the judgment of the Stow Municipal Court which overruled Appellants' objections, affirmed the decision of the magistrate, and entered judgment in favor of Appellee Patricia Welch. This Court affirms.

I

{¶2} Ms. Welch was fired from her job as a bookkeeper for Prompt. She filed a complaint and an amended complaint alleging claims for: (1) failure to pay minimum wage; (2) violation of R.C. 4113.15; (3) failure to keep accurate payroll records under Article II, Section 34a of the Ohio Constitution; (4) breach of an employment contract; and (5) unjust enrichment.

{¶3} The magistrate held a trial and journalized a decision finding for Welch. Appellants objected. Appellants did not file a transcript of the trial with their objections.

{¶4} Ms. Welch next filed a motion for attorney fees. The magistrate conducted a hearing on the motion. Appellants filed a brief in opposition to the motion. Appellants did not provide a transcript of the attorney fee hearing with their opposition. The magistrate issued another decision, this time awarding statutory damages and attorney fees to Ms. Welch.

{¶5} The trial court overruled all of Appellants' objections to the magistrate's decision on the merits of the amended complaint, and the magistrate's decision on attorney fees. The court entered judgment for Ms. Welch in the amount of $3,381.18 for back wages. The court also awarded Ms. Welch $6,762.36 in statutory damages under R.C. 4111.14. Lastly, the court awarded Ms. Welch attorney fees totaling $11,955.00.

{¶6} Appellants take this appeal from the trial court's decisions on the merits of the amended complaint, statutory damages, and attorney fees. Appellants raise one assignment of error for our review.

II

Assignment of Error Number One

THE FINDING OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGH[T OF] THE EVIDENCE, AN ABUSE OF DISCRETION, AND CONTRARY TO LAW.

{¶7} Appellants argue that the trial court erred because Ms. Welch allegedly failed to prove that: (1) Mr. Ivancic was an employer under Article II, Section 34a of the Ohio Constitution and R.C. Chapter 4111; (2) Appellants violated R.C. 4111.14(F) by not keeping records identifying the hours that Ms. Welch worked each day; (3) Appellants violated Article II, Section 34a of the Ohio Constitution and R.C. 4113.15 by not paying Ms. Welch for hours worked; and (4) Appellants breached an employment contract with Ms. Welch. Appellants also

claim that the trial court's awards of statutory damages and attorney fees were excessive. We disagree.

{¶8} The standard of review for a trial court judgment that adopts a magistrate's decision is abuse of discretion. *Bobel Elec., Inc. v. Friedman¸* 9th Dist. Lorain No. 03CA008217, 2003 WL 22015388, \*2 (Aug. 27, 2003). Under this standard, we determine whether the trial court's decision was arbitrary, unreasonable, or unconscionable, and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶9} "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 18. Thus, we consider "whether the trial court abused its discretion by determining that the findings of the magistrate were supported by the weight of the evidence." *Id.* In a civil case, like this one, the "appropriate determination [is] whether the magistrate's decision [is] 'supported by some competent, credible evidence.'" *Id.*, quoting *Bryan-Wollman v. Domonko*, 115 Ohio St.3d 291, 2007-Ohio-4918, ¶ 3.

{¶10} In the case below, the trial court correctly concluded that it was bound by the magistrate's findings of fact, because Appellants failed to provide a transcript of the proceedings before the magistrate, or a proper affidavit in place of a transcript. Civ.R. 53(D)(3)(b)(iii) states in relevant part that "[a]n objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Appellants failed to provide a transcript of either the trial or the hearing on attorney fees. Moreover, although Appellants provided an affidavit, the affidavit was inadequate under Civ.R. 53. An affidavit offered in lieu of a transcript under Civ.R. 53 must

certify that the transcript was unavailable, and it must describe all relevant evidence presented to the magistrate. *Saipan v. Coy*, 9th Dist. Summit No. 21800, 2004-Ohio-2670, ¶ 7; *Levine v. Brown*, 8th Dist. Cuyahoga No. 92862, 2009-Ohio-5012, ¶ 20. Appellants' affidavit does neither. The affidavit makes no mention whether the transcript is available. Moreover, it presents a cursory statement only of facts supporting Appellants' own arguments, instead of "all the evidence submitted to the magistrate relevant to [Appellants' objections]." Civ.R. 53(D)(3)(b)(ii). Without a transcript or proper affidavit, the trial court was required to accept the magistrate's factual findings. *See Trammell v. McCortney*, 9th Dist. Summit No. 25840, 2011-Ohio-6598, ¶ 9; *Stewart v. Taylor*, 9th Dist. Wayne No. 02CA0026, 2002-Ohio-6121, ¶ 11.

{¶11} "Moreover, in the absence of a properly filed transcript or affidavit of the evidence, this Court must also conclude that the trial court's decision was supported by some competent, credible evidence * * *." *Trammell* at ¶ 9. Accordingly, this Court must hold that the trial court's factual determinations are not against the manifest weight of the evidence, and, therefore, do not constitute an abuse of discretion.

{¶12} Because we must accept all of the trial court's factual findings as true, we may review only the trial court's conclusions of law based upon the accepted findings of fact. *Saipan* at ¶ 9. "A trial court's legal conclusions are afforded no deference, but are reviewed de novo." *Id.*, citing *Canton Fin. v. Pritt*, 9th Dist. Wayne No. 01CA0048, 2002-Ohio-2645, ¶ 6.

{¶13} Appellants first challenge the trial court's legal conclusion that Mr. Ivancic was Ms. Welch's "employer" as that term is used in Article II, Section 34a of the Ohio Constitution and R.C. Chapter 4111. Article II, Section 34a of the Constitution states that, with certain exceptions not applicable here, the term "employer" has "the same meanings as under the federal

Fair Labor Standards Act [("FLSA")]."[1] Ohio Constitution, Article II, Section 34a. The FLSA defines an "[e]mployer" as including "any person acting directly or indirectly in the interest of an employer in relation to an employee * * *." 29 U.S.C. 203(d). Similarly, R.C. 4111.03(D)(2) states that an "[e]mployer" includes "any person * * * acting in the interest of an employer in relation to an employee." Here, the trial court considered that Mr. Ivancic fell within the relevant definitions of employer because he was president of Prompt and exercised operational control over the company, hired and fired Ms. Welch, defined her job duties, set her wages, permitted her to work remotely, required her to work while she was out of town, and determined her leave. Without a transcript or proper affidavit to dispute these factual findings, we cannot determine that the trial court reached an erroneous conclusion of law.

{¶14} Second, Appellants contest the legal conclusion that they should be liable for failing to keep accurate records of Ms. Welch's hours worked each day as required under the Ohio Constitution and R.C. 4111.14(F). Appellants argue that they should not be held liable for inaccurate records of Ms. Welch's hours worked, because Ms. Welch was the employee responsible for creating and maintaining those records at Prompt. Contrary to Appellants' argument, however, the duty to keep adequate and accurate records under Ohio law rests squarely on the employer. Article II, Section 34a of the Constitution and R.C. 4111.14(F) both provide that an "employer shall maintain a record of the * * * hours worked for each day worked[,] and each amount paid an employee * * *." Moreover, R.C. 4111.14(I) repeatedly refers to the "employer's compliance" with the record-keeping requirement of R.C. 4111.14, and states:

---

[1] The claims in this case arise under Ohio law. We do not address whether the FLSA also applies, because the parties did not raise the issue and a transcript of the proceedings below was not provided.

In accordance with Section 34a of Article II, Ohio Constitution, the state may on its own initiative investigate an employer's compliance with Section 34a of Article II, Ohio Constitution and any law or regulation implementing Section 34a of Article II, Ohio Constitution. The employer shall make available to the state any records related to such investigation and other information required for enforcement of Section 34a of Article II, Ohio Constitution or any law or regulation implementing Section 34a of Article II, Ohio Constitution. The state shall investigate an employer's compliance with this section in accordance with the procedures described in section 4111.04 of the Revised Code.

R.C. 4111.14(I). Thus, the Constitution and R.C. 4111.14 create liability for an employer that fails to maintain accurate records, without regard for who created the records. The trial court therefore was correct to conclude that the legal consequences of failing to comply with the record-keeping requirements of the Constitution and R.C. 4111.14(F) fall upon Appellants.

{¶15} Appellants further challenge the trial court's conclusion that Appellants failed to pay Ms. Welch for hours worked. This was purely a factual determination by the trial court. As discussed, we must accept the trial court's factual findings as true. *See Trammell*, 2011-Ohio-6598, at ¶ 9. Accordingly, we will not disturb the trial court's findings regarding the number of hours Ms. Welch worked for which she was not paid. The trial court was within its discretion to hold that Appellants improperly withheld pay from Ms. Welch.

{¶16} Next, Appellants dispute the trial court's conclusion that Appellants breached an employment contract with Ms. Welch. They argue that no contract existed, because Ms. Welch's at-will employment status precluded the existence of an employment contract. The trial court correctly concluded that at-will status does not necessarily preclude the existence of an employment contract. *See, e.g.*, *Rigby v. Fallsway Equip. Co., Inc.*, 150 Ohio App.3d 155, 2002-Ohio-6120, ¶ 13 (9th Dist.) (an employment contract that does not specify a specific term of employment "terminable at will by either party"). The court also made factual findings demonstrating that: (1) Ms. Welch proved the requirements to show the existence of a contract;

(2) she performed under the contract; (3) Appellants breached the contract; and (4) Ms. Welch suffered damage or loss as a result of the breach. Because this Court may not reconsider the factual findings that are the basis of the trial court's legal analysis, we are compelled to sustain the trial court's finding that Appellants breached an employment contract with Ms. Welch.

{¶17} Appellants further contend that the trial court abused its discretion in awarding damages. Appellants' claim is untenable. To begin, the trial court's conclusion that Appellants owe $3,381.18 in back wages is a factual determination based on hours worked and not compensated that this Court may not review in the absence of a transcript or affidavit. Further, the court calculated statutory damages of $6,762.36 in accordance with the express mandate of both Article II, Section 34a of the Ohio Constitution and R.C. 4111.14(J). Section 34a and R.C. 4111.14(J) both require that damages "shall be calculated as an additional two times the amount of the back wages * * *." This is precisely what the trial court did.

{¶18} There is no merit to Appellants' claim that the trial court should have reduced the statutory damages because Appellants acted in good faith. As a threshold matter, there was no evidence before the trial court to support a factual finding of good faith, because Appellants neglected to provide either a transcript of the proceedings before the magistrate, or a proper affidavit under Civ.R. 53. The trial court's calculation of statutory damages was not an abuse of discretion.

{¶19} Appellants argue next that the attorney fee award of $11,955.00 is unreasonable because it exceeds the damages award. The standard of review for an award of attorney fees is abuse of discretion. *Motorists Mut. Ins. Co. v. Brandenburg*, 72 Ohio St.3d 157, (1995).

{¶20} This Court affirms the trial court's attorney fee award as reasonable. The Supreme Court of Ohio has refused to establish a rule linking reasonable attorney fees to the underlying monetary award. *Bittner v. Tri-Cty. Toyota, Inc.*, 58 Ohio St.3d 143, 144 (1991). Instead of tying the attorney fees to the underlying award, the trial court properly adopted the magistrate's application of the lodestar method of calculating fees. *Turner v. Progressive Corp.*, 140 Ohio App.3d 112, 116 (8th Dist.2000) (the law is "well established that the first step in determining an award of attorney fees is the computation of the lodestar figure").

{¶21} As is required under the lodestar method, the court first calculated the number of hours reasonably expended on the case times a reasonable hourly fee. *Bittner* at 145. The next step is to raise or lower the lodestar based upon factors that may include:

> the time and labor involved in maintaining the litigation; the novelty and difficulty of the questions involved; the professional skill required to perform the necessary legal services; the attorney's inability to accept other cases; the fee customarily charged; the amount involved and the results obtained; any necessary time limitations; the nature and length of the attorney/client relationship; the experience, reputation, and ability of the attorney; and whether the fee is fixed or contingent.

*Bittner* at 145-46. The trial court did not make independent findings of fact regarding the lodestar test factors. Indeed, the court could not make factual findings without a transcript of the attorney fee hearing before the magistrate. The trial court instead accepted the magistrate's findings of fact regarding the lodestar factors as the court was required to do, found that the magistrate considered all of the relevant factors, and adopted the magistrate's recommended award of attorney fees.

{¶22} Like the court below, we must accept the magistrate's factual findings in relation to the calculation of attorney fees. Without a transcript of the attorney fee hearing, we presume regularity in the lower court's determination of attorney fees. *Black v. Black,* 113 Ohio App.3d

473, 477 (9th Dist.1996), citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980); *Volodkevich v. Volodkevich*, 48 Ohio App.3d 313, 314 (9th Dist.1989). Accordingly, the trial court's attorney fee award was not an abuse of discretion.

{¶23} For all of the reasons stated, Appellants' sole assignment of error is overruled.

III

{¶24} Appellants' assignment of error is overruled. The judgment of the Stow Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

BETH WHITMORE
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

CRAIG A. ADAMS, Attorney at Law, for Appellants.

DAVID N. TRUMAN, Attorney at La,w for Appellee.