[Cite as *Evans v. Ohio Dept. of Rehab. & Corr.*, 2020-Ohio-6839.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| William H. Evans, Jr., | : | |
| Plaintiff-Appellant, | : | No. 19AP-634 |
| | | (Ct. of Cl. No. 2014-732JD) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ohio Department of Rehabilitation and Correction, | : | |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on December 22, 2020

**On brief**: *William H. Evans, Jr.*, pro se.

**On brief**: *Dave Yost*, Attorney General, and *Christopher P. Conomy*, for appellee.

APPEAL from the Court of Claims of Ohio

BROWN, J.

{¶ 1} This is an appeal by plaintiff-appellant, William H. Evans, Jr., from a judgment of the Court of Claims of Ohio overruling his objections to a magistrate's decision and rendering judgment in favor of defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC"), on appellant's claim for negligence following a bench trial before a magistrate.

{¶ 2} On August 29, 2014, appellant, an inmate at the Ross Correctional Institution ("RCI"), filed a complaint against ODRC for negligence. The complaint alleged that in August 2014, appellant was eating lunch at RCI when he bit into a foreign object in his food.

Appellant took the object to his cell and, upon further examination, concluded it appeared to be part of a rodent.

{¶ 3} On April 20, 2015, the Court of Claims dismissed the complaint for failure to state a claim on which relief could be granted. Following an appeal, this court reversed the judgment of the Court of Claims, finding that it erred in dismissing the complaint under Civ.R. 12(B)(6). *See Evans v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 15AP-463, 2015-Ohio-3492 ("*Evans I*").

{¶ 4} Following this court's remand, the matter was stayed at appellant's request after he filed with this court an action in mandamus and prohibition against a judge of the Court of Claims. *See State ex rel. Evans v. McGrath*, 10th Dist. No. 17AP-40, 2017-Ohio-7418 ("*Evans II*"). Appellant's original action against the judge was unsuccessful as the Supreme Court of Ohio ultimately affirmed this court's decision dismissing appellant's complaint in mandamus and prohibition. *See State ex rel. Evans v. McGrath*, 153 Ohio St.3d 287, 2018-Ohio-3018 ("*Evans III*").

{¶ 5} On June 6, 2019, a magistrate of the Court of Claims conducted a bench trial. While the record on appeal does not include a trial transcript, the following factual findings are set forth in the magistrate's decision. At trial, appellant "testified that sometime in 2014, he was in the dining hall at RCI eating the lunch meal with four other inmates." Appellant "stated that the meal was a noodle casserole with peas, carrots, beef, and either turkey or chicken." Appellant "recalled that he took a bite, felt something that seemed like gristle, removed it from his mouth, and set it on the food tray." Appellant "acknowledged that he did not swallow the object, but he was unsure whether he unknowingly consumed other unknown objects." (Mag. Decision at 1.)

{¶ 6} Appellant "took the object back to his cell where he washed it." (Mag. Decision at 1.) Appellant "did not report to any corrections officer that he discovered an object in his meal." (Mag. Decision at 1-2.) According to appellant, "the object seemed to have an esophagus or some unknown body part; however, on cross-examination, [appellant] conceded that he does not know what the object was." Appellant "never sought medical attention regarding this incident." No other witnesses testified at trial "and no other evidence was submitted for decision." (Mag. Decision at 2.)

{¶ 7} On July 17, 2019, the magistrate issued a decision recommending judgment be entered in favor of ODRC based on a determination that appellant failed to prove his claim by a preponderance of the evidence. The decision of the magistrate included the following conclusions of law:

> While the magistrate has no reason to doubt that plaintiff discovered an object in his food, plaintiff failed to establish that the object was foreign to the meal he was consuming. Given the evidence, it is equally likely that the object was indeed part of the noodles, peas, carrots, beef, chicken, or turkey. In short, there is no credible evidence identifying the object plaintiff found in his meal. Additionally, plaintiff failed to establish how the object ultimately was placed in his meal. The magistrate can only speculate as to how the object ended up in plaintiff's meal. Furthermore, there is no evidence of actual damages resulting from finding an object in his food; indeed, plaintiff never sought medical care for any injury following this event. Likewise, plaintiff did not report ever being injured as a result of this event.

(Mag. Decision at 2.)

{¶ 8} On July 26, 2019, appellant filed pro se objections to the magistrate's decision. On September 3, 2019, the Court of Claims issued a decision overruling appellant's objections and adopting the magistrate's decision and recommendation.

{¶ 9} On appeal, appellant, pro se, sets forth the following five assignments of error for this court's review:

> [I.] Did the trial court err and violate due process by failing to accept the properly filed affidavit in lieu of transcript?
>
> [II.] Did the trial court err in sustaining objection, and striking, public records information presented in trial?
>
> [III.] Did the trial court err in considering defendants arguments where they failed to file a pretrial statement, or err in failing to consider two post-trial documents, or in failing to order a new trial?
>
> [IV.] Did the trial court err in holding inmates statements as hearsay and inadmissible?
>
> [V.] Did the trial court err in failing to apply res judicata and law of the case doctrines barring defendants arguments?

{¶ 10} Under his first assignment of error, appellant asserts the Court of Claims erred in failing to accept his post-trial affidavit in lieu of a transcript in support of his objections to the magistrate's decision. Appellant argues the Court of Claims erred in "mandating a heightened requirement" that he explain why the transcript was unavailable. (Appellant's Brief at 1.)

{¶ 11} By way of background, appellant did not file a transcript in support of his objections to the magistrate's decision. Rather, on July 26, 2019, appellant filed pro se "Objections to Magistrate's Decision via Affidavit," and also filed a "Statement & Affidavit of Evidence" on August 1, 2019.

{¶ 12} The Court of Claims, in addressing the lack of a transcript, cited Ohio case law for the proposition that Civ.R. 53 does not permit an objecting party the option of filing an affidavit in lieu of a transcript under circumstances where the transcript is available. Noting that appellant offered "no explanation as to why he did not provide a transcript," the Court of Claims concluded it could not consider appellant's affidavit of evidence, and the court therefore accepted the magistrate's factual findings as true and limited its consideration of appellant's objections to a review of the magistrate's legal conclusions. (Decision at 3.)

{¶ 13} Civ.R. 53(D)(3)(b)(iii) states in part: "An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available."

{¶ 14} Under Ohio law, "[a]n affidavit of the evidence can only be used where a transcript is unavailable." *Lamp v. Linton*, 5th Dist. No. 2011-CA-06, 2011-Ohio-6111, ¶ 35. Thus, "[w]here a transcript can be produced, it is available for purposes of the rule and must be submitted in support of the objections." *Id. See also Gladden v. Grafton Corr. Inst.*, 10th Dist. No. 05AP-567, 2005-Ohio-6476, ¶ 7 ("Where a transcript can be produced, the transcript is available and must be provided to the trial court in support of objections to a magistrate's decision.").

{¶ 15} Further, Ohio courts have interpreted Civ.R. 53 " 'to mean that a party may support its objections with an affidavit in lieu of a transcript only when the party demonstrates that a transcript is not available, and if the affidavit describes all the relevant

evidence presented at the hearing, not just the evidence that the objecting party feels is significant.' " *Levine v. Brown*, 8th Dist. No. 92862, 2009-Ohio-5012, ¶ 18, quoting *In re E.B.*, 8th Dist. No. 85035, 2005-Ohio-401, ¶ 11.  *See also Welch v. Prompt Recovery Servs.*, 9th Dist. No. 27175, 2015-Ohio-3867, ¶ 10 ("An affidavit offered in lieu of a transcript under Civ.R. 53 must certify that the transcript was unavailable, and it must describe all relevant evidence presented to the magistrate.").  This court has similarly held that a trial court does not err in failing to consider an affidavit filed with objections where the record "does not show that [the appellant] argued or asserted prior to the trial court's ruling on her objections that the transcript was 'not available' as is required by Civ.R. 53(D)(3)(b)(iii)." *JPMorgan Chase Bank, N.A. v. Liggins*, 10th Dist. No. 15AP-242, 2016-Ohio-3528, ¶ 10.

{¶ 16}  Appellant argues on appeal that a transcript was unavailable to him because, as an inmate, he "cannot afford costs at his meager $10.00 per month." (Appellant's Brief at 1.)  However, a review of the documents submitted by appellant at the time of his objections supports the Court of Claims' determination that appellant offered "no explanation" as to why a transcript was unavailable.  (Decision at 3.)  Further, even assuming appellant had argued before the Court of Claims that a transcript was unavailable because he could not afford the cost, the affidavit(s) of evidence submitted by appellant would be insufficient under Civ.R. 53.

{¶ 17}  As indicated above, "[a]n affidavit under Civ.R. 53(D)(3)(b)(iii) must contain a description of all the relevant evidence, not just the evidence deemed relevant by the party objecting to the magistrate's findings." *Lamp* at ¶ 36, citing *Gill v. Grafton Corr. Inst.*, 10th Dist. No. 09AP-1019, 2010-Ohio-2977, ¶ 23 (Sadler, J., dissenting), quoting *Levine* at ¶ 18. *See also State Farm Mut. Auto. Ins. Co. v. Fox*, 182 Ohio App.3d 17, 2009-Ohio-1965, ¶ 17 (2d Dist.), quoting *Galewood v. Terry Lumber Supply Co.*, 9th Dist. No. 20770, 2002-Ohio-947 (Plaintiff's affidavit "presented only that evidence on which it relied at the hearing, but the rule requires that 'the affidavit describe all the relevant evidence presented at the hearing and not just the evidence that the party feels is significant.' ").

{¶ 18} In the present case, the affidavit(s) of evidence presented by appellant consisted primarily of argument, as well as "only * * * facts supporting [his] own arguments, instead of 'all the evidence submitted to the magistrate relevant to' " his objections. *Welch* at ¶ 10, quoting Civ.R. 53(D). *See also Gumins v. Ohio Dept. of Rehab. & Corr.*, 10th Dist.

No. 10AP-941, 2011-Ohio-3314, ¶ 13 (rejecting appellant's proffered statement as insufficient under Civ.R. 53(D)(3)(b)(iii) as a comparison of such statement with magistrate's factual findings "indicates that appellant's statement omits certain evidence").

{¶ 19} Upon review, where appellant failed to assert prior to the ruling on objections that a transcript was not available, and where the affidavit(s) offered by appellant in support of his objections were insufficient under Civ.R. 53(D)(3)(b)(iii), we find no error by the Court of Claims in failing to consider the affidavit(s) in lieu of transcript. Appellant's first assignment of error is not well-taken and is overruled.

{¶ 20} Appellant's second and fourth assignments of error will be addressed jointly as they both raise challenges to evidentiary rulings by the magistrate. Under his second assignment of error, appellant argues the magistrate erred in excluding at trial "[p]ublic records" of other lawsuits involving Aramark, the company providing food service at RCI. (Appellant's Brief at 2.) Under his fourth assignment of error, appellant contends the magistrate erred in failing to admit several written inmate statements which, according to appellant, the magistrate ruled inadmissible on hearsay grounds.

{¶ 21} In addressing these objections, the Court of Claims held that absent a trial transcript, it was unable to determine whether appellant "proffered the excluded evidence or if the nature of the evidence was clear from the context." (Decision at 5.) The Court of Claims further held that even assuming appellant proffered the excluded evidence, "the lack of a transcript means the court cannot review the evidence itself or the nature and context of the magistrate's rulings on the admissibility of the evidence." (Decision at 6.) On review, we find no error in these determinations.

{¶ 22} In the absence of a transcript or a properly filed affidavit of the evidence in support of a party's objections, a trial court is " 'required to accept the magistrate's findings of fact and examine only the legal conclusions based on those facts.' " *DAK, PLL v. Borgerding*, 10th Dist. No. 02AP-1051, 2003-Ohio-3342, ¶ 9, quoting *Galewood*. *See also Magar v. Konyves*, 8th Dist. No. 85832, 2005-Ohio-5723, ¶ 15, citing *Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197 (1980) ("Absent a transcript, the trial court and this court must presume regularity in the proceedings on any finding of fact made by the magistrate."). Further, " 'when a party objecting to a [magistrate's decision] has failed to provide the trial court with the evidence and documents by which the court could make a

finding independent of the [decision], appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the [magistrate's decision].' " *Moore v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 05AP-53, 2005-Ohio-3939, ¶ 12, quoting *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730 (1995).

**{¶ 23}** In a similar vein, "[t]he failure to file a trial transcript or its equivalent is generally fatal to an appeal based on the admission or exclusion of evidence." *State v. Kempton*, 4th Dist. No. 15CA3489, 2016-Ohio-1183, ¶ 8. *See also Cargile v. Ohio Dept. of Admin. Servs.*, 10th Dist. No. 11AP-743, 2012-Ohio-2470, ¶ 15 ("[w]ithout a transcript to provide us context, we cannot review either the proffered evidence or the magistrate's rulings on the admissibility of that evidence"); *Wilson v. Palsa*, 5th Dist. No. 97-CA-101 (Oct. 29, 1998) (in the absence of a transcript, reviewing court cannot resolve alleged errors regarding "evidentiary rulings" and therefore "we * * * must presume validity" in the trial court's proceedings).

**{¶ 24}** As noted by the Court of Claims, the record is silent as to whether appellant made a proffer of evidence of prior lawsuits against the food service provider that he claims the magistrate erroneously excluded at trial. Further, even accepting that a proffer was made, in the absence of a transcript or other proper alternative, we must "presume regularity and conclude that the trial court did not err" in overruling appellant's objection as to the magistrate's evidentiary ruling excluding this evidence. *Cargile* at ¶ 15. With respect to appellant's claim the magistrate erred in excluding, as inadmissible hearsay, certain written inmate statements, we note that appellant acknowledges the statements were unsworn but nevertheless contends ODRC "failed to ever once claim that the inmates['] statements were untrue." (Appellant's Brief at 4.) Again, however, in the absence of a transcript, the Court of Claims was unable to properly review the magistrate's ruling on the admissibility of those statements, and we find no error by the Court of Claims in overruling the objection to this evidentiary ruling. *See, e.g., White v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 12AP-927, 2013-Ohio-4208, ¶ 14 (without a transcript, trial court could not have analyzed any of the magistrate's evidentiary rulings).

**{¶ 25}** Appellant's second and fourth assignments of error are not well-taken and are overruled.

{¶ 26} Under his third assignment of error, appellant asserts the Court of Claims erred in entertaining ODRC's arguments at trial because ODRC failed to file a pretrial statement. In his objection before the Court of Claims on this issue, appellant argued ODRC was required to file a pretrial statement under the court's local rule, and that ODRC's failure to do so put him at an unfair disadvantage as he was unaware of the arguments and any evidentiary issues ODRC might raise at trial.

{¶ 27} In addressing this objection, the Court of Claims, citing the magistrate's finding that appellant's testimony "was the only evidence presented at trial," determined the magistrate did not base his decision on argument or evidence presented by ODRC but, rather, on the ground that appellant "failed to prove all elements of negligence by a preponderance of the evidence." In this respect, the Court of Claims held that "ODRC's failure to file a pretrial statement did not relieve [appellant] of the burden of proving his claim." (Decision at 8.) Finally, citing the court's own latitude in enforcing its local rules and the fact ODRC "did not call any witnesses or introduce other evidence at trial," the Court of Claims concluded the magistrate did not err in considering arguments by ODRC despite its failure to file a pretrial statement. (Decision at 9.)

{¶ 28} On review, we find no abuse of discretion by the Court of Claims in overruling this objection. In general, a trial court has "discretion when determining whether sanctions are appropriate for the transgression of local rules regarding pretrial procedure." *Fidelity & Guar. Ins. Underwriters v. Aetna Casualty & Sur. Co.*, 6th Dist. No. L-92-024 (June 30, 1993), citing *Pang v. Minch*, 53 Ohio St.3d 186, 194 (1990). Thus, "decisions of a trial court regarding pretrial matters will not be reversed absent an abuse of discretion." *Compston v. Automanage, Inc.*, 79 Ohio App.3d 359, 367 (12th Dist.1992). This discretion similarly applies with respect to local rules of a trial court. *Pang* at 194 (local rule "vested in the trial court the authority to determine whether compliance therewith had been accomplished, and such determination will not be reversed on appeal absent an abuse of discretion").

{¶ 29} Local Court of Claims Rule ("L.C.C.R.") 8, which governs pretrial procedures (including pretrial statements under L.C.C.R. 8(B)), affords the Court of Claims such discretion. Specifically, L.C.C.R. 8(F) addresses the failure to comply with pretrial procedures, and states: "The sanctions stated in Civil Rule 37(B)(1) *may* be assessed for failure to timely comply with this rule." (Emphasis added.)

{¶ 30} Appellant argues that the purpose of a pretrial statement is to avoid surprise, so the opposing party has the benefit of knowing what evidentiary issues such party intends to rely on at trial. As alluded to by the Court of Claims, however, ODRC's failure to file a pretrial statement did not deprive appellant of discovery information regarding witnesses or exhibits as the record indicates, pursuant to the magistrate's report "[n]o other witnesses" were called to testify "and no other evidence was submitted." (Mag. Decision at 2.) As further noted by the Court of Claims, the magistrate found appellant failed to prove the elements of negligence by a preponderance of the evidence, and ODRC's failure to file a pretrial statement did not relieve appellant of the burden to prove his claim. Finally, as set forth above, nothing in the local rules required the Court of Claims to preclude ODRC from presenting arguments at trial (or to impose any particular sanction) based on the failure to comply with a pretrial procedure.

{¶ 31} Accordingly, we find no error by the Court of Claims in its determination that the magistrate was not required to bar ODRC from presenting arguments at trial. Appellant's third assignment of error is not well-taken and is overruled.

{¶ 32} Under the fifth assignment of error, appellant contends the Court of Claims erred in refusing to accept his res judicata argument. Appellant's argument is premised upon his interpretation of this court's prior decision (*Evans I*) in which we reversed the Court of Claims' dismissal for failure to state a claim. Specifically, in his objections to the magistrate's decision, appellant argued that a dismissal for failure to state a claim for relief constituted a judgment on the merits subject to issue preclusion, and therefore ODRC should have been barred from raising arguments during the bench trial regarding whether the object in appellant's food was a foreign object and whether ODRC (as opposed to the food service provider) was responsible for the object in the food.

{¶ 33} Appellant's res judicata argument is not persuasive, as it is based on a misunderstanding of that doctrine and this court's prior decision. In *Evans I,* this court held that appellant's complaint sufficiently alleged harm such that dismissal of the complaint was not warranted "especially at this early stage of the proceedings." *Evans I* at ¶ 12. This court's decision, however, did not address the merits of appellant's case.

{¶ 34} Such fact was noted by this court in addressing and dismissing appellant's ancillary action in mandamus and prohibition in which he sought an order that the Court

of Claims was barred from conducting any further proceedings following this court's remand in *Evans I* because, according to appellant, this court determined appellant had established liability for negligence as a matter of law, leaving only the issue of damages. In *Evans II*, this court rejected appellant's argument that the issue of liability had been determined in *Evans I*. Specifically, while noting, for purposes of a motion to dismiss, that we must "assume what he says is true and then see if what he says could be the basis for a complaint in negligence," this court made clear that such assumption of truth is "solely for the purpose of evaluating the complaint [and] is not a finding of fact in any way." *Evans II* at ¶ 3. Rather, we observed, "[o]ur mandate following his first appeal was only to develop some facts and then address the merits of Evans' claim that he was hurt as a result of governmental negligence." *Id.*

{¶ 35} In subsequently affirming this court's decision dismissing appellant's action for mandamus/prohibition, the Supreme Court similarly rejected res judicata and law of the case arguments raised by appellant, noting that this court's decision in *Evans I* "held only that Evans's complaint sufficiently alleged the elements of a negligence claim and could withstand a motion to dismiss under Civ.R. 12(B)(6)" but "did not, as Evans contends, determine that Evans had *proved* negligence such that Judge McGrath was required to hold a damages-only hearing." (Emphasis sic.) *Evans III* at ¶ 5.

{¶ 36} In general, "[u]nder the doctrine of res judicata, '[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.' " *State ex rel. Denton v. Bedinghaus*, 98 Ohio St.3d 298, 2003-Ohio-861, ¶ 14, quoting *Grava v. Parkman Twp.*, 73 Ohio St.3d 379 (1995), syllabus.

{¶ 37} In the instant action, in his objection before the Court of Claims, appellant cited case law for the general proposition that a dismissal for failure to state a claim is a judgment on the merits. As noted by the Court of Claims, however, "the appellate court reversed" the dismissal for failure to state a claim and, "[a]s a result, there was no final judgment upon the merits in this case prior to trial." (Decision at 10.)

{¶ 38} We agree with the Court of Claims that, under such circumstances, the doctrine of res judicata is not applicable. *See, e.g., Stanton v. Bd. of Trustees of the Ohio State Univ.,* 10th Dist. No. 79AP-462 (Nov. 1, 1979) (noting that doctrine of res judicata

would not apply where "there has been no final determination on the merits in the first cause since its dismissal was reversed and remanded for further proceedings"); *Faymore v. Thomas*, 9th Dist. No. 95CA006054 (Oct. 25, 1995) (dismissal of prior action cannot be the basis of a res judicata bar to the plaintiffs' action "because that order was reversed and remanded" by appellate court and case had not been adjudicated on the merits); *United States v. Maull,* 855 F.2d 514, 516 (8th Cir.1988) , fn. 3 (interpreting federal law and noting "it is well-established that a Rule 12 (b)(6) dismissal is a 'judgment on the merits' for res judicata purposes *unless * * * the dismissal is reversed on appeal*") (Emphasis added.).

{¶ 39} Finding no error by the Court of Claims in its disposition of this objection, appellant's fifth assignment of error is overruled.

{¶ 40} Based on the foregoing, appellant's five assignments of error are overruled, and the judgment of the Court of Claims of Ohio is hereby affirmed.

*Judgment affirmed.*

SADLER, P.J., and LUPER SCHUSTER, J., concur.

_____