[Cite as *South v. Cleveland State Univ.*, 2023-Ohio-4328.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| March South, | : | |
| Plaintiff-Appellant, | : | No. 22AP-778 (Ct. of Cl. No. 2021-00096JD) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Cleveland State University, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on November 30, 2023

**On brief:** *Wesley A. Johnston*, for appellant.

**On brief:** *Dave Yost*, Attorney General, and *Daniel R. Forsythe*, for appellee. **Argued:** *Daniel R. Forsythe*.

APPEAL from the Court of Claims of Ohio

JAMISON, J.

{¶ 1} Plaintiff-appellant, March South, appeals from a judgment of the Court of Claims of Ohio, in favor of defendant-appellee, Cleveland State University. For the following reasons, we affirm.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On February 24, 2021, appellant commenced a civil action against appellee, alleging that she was injured on March 24, 2017 when a seat broke under her as she attended a show at appellee's Wolstein Center ("Center"). A court magistrate conducted a bench trial on April 25, 2022 and, on July 25, 2022, the magistrate issued a decision recommending judgment for appellee.

{¶ 3} The basic facts of this case are set forth in the magistrate's decision as follows:

On March 24, 2017, plaintiff, along with her friend and members of her family, attended a comedy show at the Center in Cleveland, Ohio. The group had front row seats. After the show concluded, they began to exit the Center. Plaintiff, who uses a cane when she walks, got tired and/or winded while leaving the Center and needed to sit down. An usher working at the Center directed plaintiff to a nearby seat, specifically Seat 1 in Row Q of Section 105 (Seat 1), where plaintiff intended to rest momentarily.

The Center's seats are cushioned, spring-operated folding seats with a seat and a back. The seat portion rests in an upright position, with the front edge of the seat portion pointing upward. Exhibit A depicts seats in their normal operating condition with the front edge of the seat pointing up. The seat portion folds down when sat upon, stopping approximately parallel to the floor.

Neither plaintiff nor her sister, Ms. Hackney, noticed any problem with Seat 1 before plaintiff sat in it. Nevertheless, when plaintiff sat down, the seat portion failed. Instead of stopping and supporting plaintiff, the seat portion collapsed and quickly pivoted straight down spilling plaintiff onto the concrete floor without anything softening or breaking her fall. Thereafter, plaintiff's family helped her to her feet. Exhibit A depicts the damaged seat, Seat 1, as it appeared after plaintiff's fall, with the seat portion collapsed and its front edge pointing toward the floor.

(July 25, 2022 Mag.'s Decision at 1-2.)

{¶ 4} On August 8, 2022, appellant filed an objection to the magistrate's decision. Appellant did not, however, file a transcript of proceedings before the magistrate in support of the objections. On November 9, 2022, the Court of Claims issued a decision and judgment entry overruling appellant's objections, adopting the magistrate's decision as its own, and entering judgment for appellee.

{¶ 5} On December 9, 2022, appellant filed a timely notice of appeal to this court from the November 9, 2022 decision. On March 7, 2023, appellant supplemented the record in this case with a copy of the transcript of proceedings held before the magistrate on April 25, 2022.

## II. ASSIGNMENT OF ERROR

{¶ 6} Appellant assigns the following sole assignment of error for our review:

Appellant's conviction was against the manifest weight of the evidence.

## III. STANDARD OF REVIEW

{¶ 7} The standard of review on appeal from a trial court judgment that adopts a magistrate's decision varies with the nature of the issues that were: (1) preserved for review through objections before the trial court, and (2) raised on appeal by assignment of error. *In re Guardianship of A.R.R.*, 10th Dist. No. 18AP-995, 2019-Ohio-3066, ¶ 15. Here, appellant's objections to the magistrate's decision challenge factual findings underlying the magistrate's conclusion that appellee breached no duty of care owed to appellant. On appeal, appellant argues that the Court of Claims erred when it adopted the magistrate's decision because the decision is against the manifest weight of the evidence.

{¶ 8} Ordinarily, "[i]n conducting a manifest weight review of a civil action tried to the court, without a jury, 'this court weighs the evidence and all reasonable inferences, considers the credibility of the witnesses, and determines whether in resolving conflicts in the evidence, the trial court clearly lost its way and created such a manifest miscarriage of justice that its judgment must be reversed.' " *Starling v. Ohio Dept. of Dev. Disabilities*, 10th Dist. No. 21AP-345, 2022-Ohio-2225, ¶ 14, quoting *Crenshaw v. Michael J.'s Auto Sales*, 1st Dist. No. C-200154, 2021-Ohio-1468, ¶ 16, citing *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 20. However, when a case is tried to a court magistrate, Civ.R. 53(D)(3)(b)(iii) requires that "[a]n objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." "In the absence of a transcript or a properly filed affidavit of the evidence in support of a party's objections, a trial court is ' "required to accept the magistrate's findings of fact and examine only the legal conclusions based on those facts." ' " *Evans v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 19AP-634, 2020-Ohio-6839, ¶ 22, quoting *DAK, P.L.L. v. Borgerding*, 10th Dist. No. 02AP-1051, 2003-Ohio-3342, ¶ 9, quoting *Galewood v. Terry Lumber & Supply Co.*, 9th Dist. No. 20770, 2002-Ohio-947, ¶ 10. Consequently, " ' "when a party objecting to a [magistrate's decision] has failed to provide the trial court with the evidence and documents by which the court could make a finding independent of the [decision], appellate review of the court's

findings is limited to whether the trial court abused its discretion in adopting the [magistrate's decision].' ' " *Evans* at ¶ 22, quoting *Moore v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 05AP-53, 2005-Ohio-3939, ¶ 12, quoting *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730 (1995).

{¶ 9}  "An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable." *Watson v. Watson*, 10th Dist. No. 22AP-729, 2023-Ohio-3719, ¶ 15, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## IV. LEGAL ANALYSIS

{¶ 10} In her sole assignment of error on appeal, appellant argues the Court of Claims erred in adopting the magistrate's decision because her conviction was not supported by the manifest weight of the evidence.  Because the matter is civil in nature rather than criminal, we construe appellant's assignment of error as a challenge to the judgment appealed from under the manifest weight of the evidence standard.

{¶ 11} Appellant first contends the court erred in adopting the magistrate's decision because the weight of the evidence does not support the magistrate's findings regarding the applicable standard of care.  More particularly, appellant claims the weight of the evidence does not support the conclusion that the applicable standard of care merely required appellee to conduct a visual inspection of the seating area prior to the performance. Appellant argues the weight of the evidence supports the conclusion that appellee had a duty to inspect and/or test the safety of every seat in the arena prior to each performance and that appellee breached the standard of care by admittedly failing to do so.

{¶ 12} "In order to recover on a negligence claim, a plaintiff must prove (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, and (3) that the breach of the duty proximately caused the plaintiff's injury." *Chambers v. St. Mary's School*, 82 Ohio St.3d 563, 565 (1998), citing *Wellman v. E. Ohio Gas Co.*, 160 Ohio St. 103, 108-09 (1953); *Sedar v. Knowlton Constr. Co.*, 49 Ohio St.3d 193, 198 (1990).  Typically, a duty may be established by common law, legislative enactment, or by the particular facts and circumstances of the case.  *Eisenhuth v. Moneyhon*, 161 Ohio St. 367 (1954).

{¶ 13} The magistrate found that the Center has approximately 14,000 seats. Though the seats are not individually inspected or tested, staff members walk around the arena between performances and events to visually inspect areas including the seating to

look for deficiencies or issues that need to be addressed or corrected. Cleaning staff are also instructed to report any broken seats after each event. Patrons may also report broken seats to staff members. When notified of a broken seat during an event, event staff either fix it immediately if possible, or relocated the patron and fix the seat the next day. The magistrate further found there were no reports of problems with Seat 1 prior to appellant's fall, and that appellee became aware Seat 1 was defective only after it collapsed causing appellant to fall.

{¶ 14} "An owner must warn of latent defects of which the owner is aware." *Beck v. Camden Place at Tuttle Crossing*, 10th Dist. No. 02AP-1370, 2004-Ohio-2989, ¶ 21, citing *Perry v. Eastgreen Realty Co.*, 53 Ohio St.2d 51, 52 (1978). However, if a premises owner failed "to conduct a reasonable inspection of the premises, [it] will be charged with constructive knowledge of any latent defect which [it] would have discovered had [it] conducted the reasonable inspection" and it "may face liability for failing to warn the invitee of the latent defect or otherwise make the premises reasonably safe." *Rowe v. Pseekos*, 10th Dist. No. 13AP-889, 2014-Ohio-2024, ¶ 7. In other words, "[a]n owner is charged with constructive knowledge of defects which would have been revealed by a reasonable inspection of the premises." *Beck* at ¶ 21, citing *State Farm Mut. Auto. Ins. Co. v. Chatham Dev. Corp.*, 10th Dist. No. 94APE08-1243 (June 6, 1995). While a premises owner has a duty to conduct reasonable inspections of the premises to discover possible dangerous conditions of which he is unaware, the owner is not required " 'to inspect everything that might conceivably cause injury.' " *Aldamen v. Sunburst USA, Inc.*, 10th Dist. No. 08AP-235, 2008-Ohio-5071, ¶ 17, quoting *Tarkany v. Bd. of Trustees of Ohio State Univ.*, 10th Dist. No. 90AP-1398 (June 4, 1991). " 'What is reasonable under the circumstances of a given case is ordinarily a question for the trier of fact.' " *Beck* at ¶ 21, quoting *Tarkany*. Additionally, a premises owner "who undertakes an inspection is not held to a 100 percent success rate, if the inspection was reasonable under the circumstances." *Rowe* at ¶ 8.

{¶ 15} The magistrate determined the appropriate standard of care based primarily on the trial testimony of appellee's managerial employees. The magistrate summarized the testimony of appellee's managerial team as follows:

> Mr. Kanakis opined that either Seat 1's spring or spring-stop, which are both located under the seat, failed and caused Seat 1 to collapse on [appellant]. Inspecting these parts of the Center's

seats would require taking the seats apart. During his six years as operations manager, Mr. Kanakis could only recall 5 or 6 seats that broke in this way.

Mr. Kanakis has been the Center's Operations Manager for six years. His job responsibilities include staffing, cleaning, repairs, acting as a liaison between facilities and event staff, and setting up and tearing down for events. Ms. Snodell is the event manager for the Center; she oversees all the events at the Center and oversees all event staff. Both Mr. Kanakis and Ms. Snodell have extensive experience working at other similar venues. In their experience, visual inspection, like that employed at the Center, is standard practice; individual inspection and/or testing of seats is not.

(Mag.'s Decision at 2-3.)

{¶ 16} In overruling appellant's objection, the Court of Claims determined:

It would be unreasonable for the standard of care to require [appellee] to take all 14,000 stadium seats in the Center apart on a regular basis to inspect the internal part that failed and caused [appellant] to fall. Instead, the Court concludes that a routine visual inspection is sufficient to fulfill [appellee's] duty to conduct reasonable inspections.

(Nov. 9, 2022 Jgmt. Entry at 3.)

{¶ 17} In *Tarkany*, the plaintiff, Tarkany, was walking to his university dormitory when a light fixture atop a light pole fell and struck him on the head. An examination of the fixture revealed the bracket holding the fixture to the pole had weakened progressively over time and fractured. The university's maintenance and engineering director testified at the bench trial that the policy adopted by the university was to conduct periodic visual inspections of fixtures. The director conceded however, a visual inspection would not have revealed the defect in this instance because the bracket could only be inspected by disassembling the fixture.

{¶ 18} In affirming the trial court's judgment in favor of the university, we found that the evidence supported the conclusion that it was not reasonable to expect the university to individually inspect some 5,000 light fixtures when there was no indication they were defective. In other words, a rational trier of fact could conclude, under the circumstances, a routine visual inspection was all that ordinary care required. Because the

evidence showed the university had conducted a visual inspection of the light, the trial court did not err in concluding the university breached no duty of care owed to Tarkany.

{¶ 19} Here, the findings of fact made by the magistrate support the conclusion that a visual inspection of the seating at the Center was all that was required given the undisputed testimony that there had been no recent reports of a defect in the seat, the defect in the seat could only be discovered by dismantling the seat and testing the spring mechanism, and only five or six seats at the Center had broken in the last six years. Thus, the court did not abuse its discretion when it adopted the magistrate's determination that a reasonable inspection did not require appellee to test/inspect 14,000 seats in the absence of any indication that any were defective.

{¶ 20} Appellant argues, alternatively, the court erred in adopting the magistrate's decision because there is no evidence in the record to support the magistrate's finding that appellee's employees conducted a visual inspection of the seats in the Center prior to the March 24, 2017 performance. In overruling appellant's objection, the Court of Claims made the following observation:

> Plaintiff did not file a transcript of the trial before the Magistrate. Accordingly, the Court accepts the facts as found by the Magistrate and limits its review to the Magistrate's legal conclusions. * * * Whether or not an inspection was conducted is a matter of fact, not law. Indeed, the Magistrate wrote in the Findings of Fact section of his Decision that "before and in between events, staff members, including ushers, walk around the arena including the seating area and visually inspect areas to look for deficiencies or issues that need to be addressed or corrected." *Without a transcript, Plaintiff cannot challenge this factual finding by the Magistrate.*

(Emphasis added.) (Jgmt. Entry at 2.)

{¶ 21} We agree with the trial court that the question whether a visual inspection was performed is an issue of fact. *See Balcar v. Wal-Mart Store No. 2726*, 10th Dist. No. 12AP-344, 2012-Ohio-6027, ¶ 23. Because the transcript of proceedings before the magistrate was not provided to the court in support of appellant's objections, the court did not have an opportunity to properly review appellant's challenge to the magistrate's factual findings. Accordingly, we cannot say the Court of Claims abused its discretion in overruling appellant's objections.

{¶ 22} Though appellant supplemented the record on appeal with a transcript of the proceedings before the magistrate, we are prohibited from considering it in this appeal because the Court of Claims did not have the opportunity to review it before determining the objections and deciding whether to adopt the magistrate's decision. *Sanders v. WAMCO, Inc.*, 10th Dist. No. 10AP-548, 2011-Ohio-1336, ¶ 10, citing *Forth v. Gerth*, 10th Dist. No. 05AP-576, 2005-Ohio-6619, ¶ 8, citing *Duncan*, 73 Ohio St.3d at 728. Consequently, we are unable to determine if there truly was testimony admitted at the hearing in support of specific factual findings or if the court otherwise failed to consider certain testimony that favored her. *See Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980); *Ratchford v. Proprietors' Ins. Co.*, 103 Ohio App.3d 192, 198 (10th Dist.1995); *Kowalik v. Kowalik*, 118 Ohio App.3d 141, 144-45 (7th Dist.1997). It is axiomatic that this court will not add matter to the record that was not available to the trial court and resolve the appeal based on the new matter. *Knapp* at 199. *See also State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus.

{¶ 23} Based on the foregoing, we hold that the court did not abuse its discretion when it overruled appellant's objections, adopted the magistrate's decision as its own, and entered judgment for appellee. Appellant's sole assignment of error is overruled.

## V. CONCLUSION

{¶ 24} Having overruled appellant's sole assignment of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

BEATTY BLUNT, P.J., and DORRIAN, J., concur.

_____