OPINION
{¶ 1} Plaintiff-appellant, Michelle M. Aldamen, [1] appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Sunburst USA, Inc., dba Sunburst USA International Beauty Pageant, Sunburst Beauty Pageant, Baby Contest, and Model Search. For the following reasons, we affirm the trial court's judgment. *Page 2 
 {¶ 2} Defendant is a corporation owned and operated by Theresa Spooner, through which she organizes and conducts beauty pageants. Typically, Ms. Spooner contacts a shopping mall in the community in which she would like to hold a pageant. If the mall agrees to host a pageant, she requests a space and, for a more professional appearance, a stage. She also requests a PA system, three tables, and seven chairs. Ms. Spooner sends trophies to the mall in advance of the pageant date and requests that the mall store them under one of the tables on pageant day. She pays the mall for the space and staging as well as for use of the equipment. To publicize the upcoming pageant and solicit participants, she advertises in local newspapers and occasionally places promotional posters in the mall.
 {¶ 3} Ms. Spooner followed her usual course of business in arranging for a pageant held at Eastland Mall on March 1, 2003. She paid the mall $300 to rent the space, staging, PA equipment, tables, and chairs. She placed an advertisement in the Columbus Dispatch and had announcements displayed in the mall prior to the day of the event. For this particular pageant, she charged contestants a $35 participation fee upon registration.
 {¶ 4} As is her custom, Ms. Spooner arrived approximately two hours prior to the pageant's start in order to display the trophies and prepare for registration. After ensuring that the trophies were on site, she asked a mall employee to bring four more chairs, as only three of the seven requested had been provided. The stage was already set up; it was accessed by portable stairs at the end of the stage. Ms. Spooner asked the same mall employee if the stage was "`ready for [her] to go on.'" (Spooner Depo. 40.) The employee responded, "`[s]ure.'" (Spooner Depo. 40.) She then tested the PA system to *Page 3 
ensure its operability. Thereafter, Ms. Spooner spent the next 45 minutes unwrapping and arranging the trophies on a display table located on the stage. In so doing, she traversed the portable stairs several times. She then spent the next 40 minutes registering pageant contestants.
 {¶ 5} Plaintiff entered her six-month-old daughter in the pageant. At Ms. Spooner's direction, plaintiff, holding her daughter, ascended the portable stairs and walked onto the stage. As plaintiff descended the stairs, they collapsed, and she fell. Although plaintiff successfully prevented her daughter from hitting the floor, plaintiff sustained injuries from the fall. Ms. Spooner temporarily halted the pageant to repair the staging. Upon Ms. Spooner's inquiry, the same mall employee indicated that he could repair the staging easily, as all he had to do was "`hook this.'" (Spooner Depo. 46.) Within moments, the mall employee completed the repair. Ms. Spooner tested the stairs by walking up and down them a few times; she then recommenced the pageant.
 {¶ 6} Subsequently, plaintiff filed a complaint alleging that defendant was negligent in failing to properly maintain the pageant premises in a safe and reasonable manner and in failing to warn of a defect in the staging, which defendant either knew or should have known existed. Plaintiff also alleged that the negligently-maintained pageant premises constituted an active and ongoing nuisance, which defendant failed to abate or provide warning. Plaintiff further claimed that defendant's negligence and/or its failure to abate or warn of the nuisance proximately caused her injuries.
 {¶ 7} Defendant filed a motion for summary judgment, denying liability on grounds that plaintiff failed to establish the duty element of her negligence claim. More particularly, defendant maintained it owed no duty to plaintiff because it was not involved *Page 4 
in the set-up, construction or maintenance of the staging used for the pageant and neither knew of, nor could have known of, any alleged defects in the staging. Defendant further moved for summary judgment on plaintiff's nuisance claim, contending that she could not sustain such claim without demonstrating negligence.
 {¶ 8} Plaintiff filed a memorandum contra defendant's motion for summary judgment, arguing that defendant, as the entity exercising exclusive control over the use of the staging immediately prior to and during the pageant, owed a duty to plaintiff, its business invitee, to ensure that the staging was safe for the intended use of conducting a beauty pageant, and that such duty included a reasonable inspection of the staging prior to commencement of the pageant. Plaintiff contended that defendant breached this duty, as defendant neither personally inspected the staging to confirm its safety, nor inquired of mall personnel as to whether the staging had been properly constructed and/or inspected prior to defendant's assumption of control.
 {¶ 9} Thereafter, defendant filed a reply memorandum in support of its motion for summary judgment. The trial court struck the reply memorandum, however, as defendant failed to comply with Loc. R. 12.02 of the Court of Common Pleas of Franklin County, General Division.
 {¶ 10} By decision and entry filed February 26, 2008, the trial court found that plaintiff presented evidence establishing that defendant exercised sufficient control over the staging to create a duty of care. The trial court further found that the specific duty defendant owed plaintiff was that of a business invitee. Accordingly, the trial court determined that defendant owed plaintiff a duty to maintain the pageant premises, including the staging, in a reasonably safe condition and to warn of any latent or *Page 5 
concealed defect defendant either knew or should have known about. The trial court concluded that defendant had presented evidence demonstrating that it neither knew of, nor had reason to know of, the defect in the staging and that plaintiff had failed to present any evidence in opposition. Accordingly, the trial court granted summary judgment for defendant on plaintiff's negligence claim. The trial court also granted summary judgment on plaintiff's nuisance claim, citing plaintiff's failure to prove negligence.
 {¶ 11} Plaintiff has timely appealed, asserting one assignment of error for review:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WHERE THERE IS EVIDENCE IN THE RECORD THAT, CONSTRUED MOST STRONGLY IN FAVOR OF PLAINTIFF, SUPPORTS A FINDING THAT DEFENDANT BREACHED ITS DUTY OWED TO PLAINTIFF.
 {¶ 12} An appellate court reviews a summary judgment disposition independently and without deference to the trial court's determination.Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. In conducting such a review, an appellate court applies the same standard as that employed by the trial court. Maust v. Bank One, Columbus,N.A. (1992), 83 Ohio App.3d 103, 107. Accordingly, an appellate court "review[s] the same evidentiary materials that were properly before the trial court at the time it ruled on the summary judgment motion."Am. Energy Servs., Inc. v. Lekan (1992), 75 Ohio App.3d 205, 208. Proper evidentiary materials include only "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact." Civ. R. 56(C).
 {¶ 13} Pursuant to Civ. R. 56(C), summary judgment is appropriate only where the evidence demonstrates that: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) reviewing the *Page 6 
evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party. State ex rel. Grady v. State Emp. RelationsBd., 78 Ohio St.3d 181, 183, 1997-Ohio-221. Any doubts must be resolved in favor of the nonmoving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 14} The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107. The moving party may not fulfill its initial burden simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Id. Rather, the moving party must support its motion by pointing to some evidence of the type set forth in Civ. R. 56(C), which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. Id. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. Id. However, once the moving party satisfies its initial burden, the nonmoving party bears the burden of offering specific facts showing there is a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings, but, instead, must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Civ. R. 56(E); Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 15} "[I]n order to establish actionable negligence, one seeking recovery must show the existence of a duty, the breach of the duty, and injury resulting proximately therefrom." Strother v. Hutchinson (1981),67 Ohio St.2d 282, 285. The plaintiff bears *Page 7 
the burden of establishing each of these elements by a preponderance of the evidence. Id. Generally, a defendant's duty to a plaintiff depends upon the relationship between the parties and the foreseeability of an injury to someone in the plaintiff's position. Simmers v. BentleyConstr. Co., 64 Ohio St.3d 642, 645, 1992-Ohio-42. Injury is foreseeable if the defendant knew or should have known that its act or omission was likely to result in harm to someone. Id.
 {¶ 16} We assume for purposes here that the trial court correctly determined that defendant exercised sufficient control over the pageant premises to create a duty of care as an occupier of the premises and that plaintiff's status was that of a business invitee. An occupier owes a business invitee a duty of ordinary care to maintain the premises in a reasonably safe condition so as to not unnecessarily and unreasonably expose its invitee to danger. Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203. While an occupier is not an insurer of its invitee's safety, an occupier is "liable to an invitee for injuries caused by latent defects when the [occupier] knows, or in the exercise of ordinary care should have known, about the hazard for a time sufficient to correct the defect." Tarkany v. Bd. of Trustees of Ohio State Univ.
(June 4, 1991), Franklin App. No. 90AP-1398, citing Presley v.Norwood (1973), 36 Ohio St.2d 29, 31.
 {¶ 17} The duty of ordinary care includes the duties to warn and inspect. Tarkany, supra. An occupier must warn an invitee of latent defects of which the occupier is aware. Perry v. Eastgreen RealtyCo. (1978), 53 Ohio St.2d 51, 52. An occupier must also inspect the premises to discover possible dangerous conditions of which the occupier is unaware and is charged with constructive knowledge of defects that a reasonable inspection of the premises would have revealed. Id. A "[d]efendant has a duty to *Page 8 
undertake reasonable inspections, not to inspect everything that might conceivably cause injury." (Emphasis sic.) Tarkany, supra. "What is reasonable under the circumstances of a given case is ordinarily a question for the trier of fact." Id.
 {¶ 18} Thus, pursuant to the foregoing, as occupier of the pageant premises, and particularly the staging used in conducting the pageant, defendant had a duty to not only refrain from directly causing injury to plaintiff and to warn her of known latent conditions, but also to conduct a reasonable inspection of the staging to discover unknown dangers. Plaintiff contends that genuine issues of fact exist as to whether defendant breached its duty of care by failing to inspect the staging to ascertain whether the pageant premises were in a safe condition for their intended purpose. Plaintiff further argues that, at the very least, genuine issues of fact exist as to whether defendant made a reasonable inspection of the premises sufficient to discharge its duty. Plaintiff maintains that, in evaluating the evidence and reaching the conclusion that defendant demonstrated it had no reason to know of the defect in the staging, the trial court essentially held that defendant's duty to plaintiff did not include the duty to inspect the staging to ascertain its condition. Plaintiff contends that, in so finding, the trial court misapplied the law.
 {¶ 19} It appears that the trial court utilized the correct principles of law in arriving at its decision. While plaintiff complains that the trial court failed to consider defendant's duty to inspect the staging for dangerous conditions, the court's decision indicates otherwise. The court stated that defendant had a duty "to `keep [its] premises in a reasonably safe condition and to give warnings of latent or concealed perils of which [it] has, or should have knowledge.'" (Decision 6, quoting Westwood v. Thrifty Boy Super Markets, Inc. [1972],29 Ohio St.2d 84, 86.) This pronouncement of the law *Page 9 
acknowledges the duty to inspect. Accordingly, the trial court did not improperly hold that defendant's duty to plaintiff did not include the duty to inspect the staging to ascertain its condition.
 {¶ 20} Here, defendant presented evidence demonstrating that it reasonably inspected the staging prior to the commencement of the pageant. Ms. Spooner testified that, upon her inquiry, the mall employee assured her the staging was ready to use. (Spooner Depo. 40-41.) She further testified that she did not observe any defects or other problems with the stairs as she traversed them several times prior to the pageant. (Spooner Affidavit ¶ 7; Spooner Depo. 40.) In addition, plaintiff testified that, prior to her accident, other contestants utilized the stage and stairs without incident. (Plaintiff Depo. 55-56.)
 {¶ 21} Plaintiff contends that Ms. Spooner's testimony creates a genuine issue of material fact about the reasonableness of defendant's inspection. During her deposition, Ms. Spooner admitted that she did not know whether the mall employee who assured her that the staging was ready to use was involved in setting it up and that she did not know, nor did she inquire, if the mall had inspected the staging for proper assembly. She further testified that she did not visually inspect the staging to ascertain whether the configuration was reasonably safe for her contestants to traverse. Ms. Spooner also testified that her purpose in traversing the stairs prior to the start of the pageant was to place the trophies on the table on the stage, not to determine if the stairs were safe or operational. Plaintiff contends that, in view of Ms. Spooner's admissions, defendant's inspection unreasonably ignored the alleged latent defect. *Page 10 
 {¶ 22} Even construing Ms. Spooner's testimony and all possible inferences in a light most favorable to plaintiff, her testimony does not render defendant's inspection unreasonable. Plaintiff must couple Ms. Spooner's testimony with evidence of what constitutes a reasonable inspection, and then she must demonstrate how Ms. Spooner's inspection failed to comply with the elements of a reasonable inspection. Without a conflicting standard from plaintiff by which to judge the reasonableness of defendant's inspection, Ms. Spooner's testimony does not create a genuine issue of material fact. See Rundio v. Dublin Senior CommunityLtd. Partnership, Franklin App. No. 06AP-489, 2006-Ohio-6780, ¶ 15.
 {¶ 23} Further, plaintiff's assertion that the defect was subject to discovery by visual inspection is without support in the record. Although plaintiff testified that, following her accident, she overheard "some guy," presumably the same mall employee who assured Ms. Spooner that the staging was ready for use, say that he forgot to latch the stairs to the stage, plaintiff has failed to set forth any evidence that the latching mechanism was located in an area where a routine visual inspection by Ms. Spooner would have revealed it. (Plaintiff's Depo. 48.) Assuming that the stairs collapsed due to the failure to secure the stairs to the stage, plaintiff has failed to show that defendant knew or should have known of that defect.
 {¶ 24} Therefore, based on the above, we find that the record failed to establish a genuine issue of material fact that defendant knew or should have known about the defect in the staging utilized for the pageant. Further, as plaintiff has failed to demonstrate a genuine issue of material fact as to her negligence claim, her qualified public nuisance claim also fails. Hurier v. Ohio Dept. of Transp., Franklin App. No. 01AP- *Page 11 
1362, 2002-Ohio-4499, ¶ 21, citing Brown, supra, at 713, 715 ("A qualified nuisance is premised upon negligence. To recover damages for a qualified nuisance, negligence must be averred and proven"). Therefore, we conclude that the trial court did not err in granting summary judgment in favor of defendant, and we overrule plaintiff's assignment of error. Having so concluded, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
PETREE and SADLER, JJ., concur.
T. BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] In her complaint, plaintiff's surname is spelled "Aldamen"; however, in her deposition, plaintiff spelled her surname "Al-Damen." *Page 1