[Cite as *Rowe v. Pseekos*, 2014-Ohio-2024.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Carrie L. Rowe,                                           :

      Plaintiff-Appellant,                          :

                                     No. 13AP-889
v.                                                               :         (C.P.C. No. 10CVC11-15944)

James Pseekos et al.,                                 :         (REGULAR CALENDAR)

      Defendants-Appellees.                      :

---

D E C I S I O N

Rendered on May 13, 2014

---

*Blumenstiel, Evans, Falvo & Blumenstiel, LLC*, and *Braden A. Blumenstiel*, for appellant.

*Smith, Rolfes & Skavdahl Co., L.P.A.*, and *Heather R. Zilka*, for appellees.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Plaintiff-appellant, Carrie L. Rowe, appeals a judgment of the Franklin County Court of Common Pleas granting summary judgment to defendants-appellees, James and Stella Pseekos. For the following reasons, we affirm.

{¶ 2} The Pseekoses hired Evelin Lauk Stansell to clean their home every two weeks. On November 11, 2008, Stansell and Rowe arrived at the Pseekos home to clean it. As part of the cleaning, Rowe dusted in the living room. A clock was situated in the wall unit in the living room. While Rowe was dusting the clock, the clock's electrical cord shocked her. The shock injured Rowe.

{¶ 3}   On November 1, 2010, Rowe filed suit against the Pseekoses, alleging that she suffered injuries proximately caused by the Pseekoses' negligence.  After conducting discovery, the Pseekoses moved for summary judgment.  In a decision and entry dated September 23, 2013, the trial court granted that motion.

{¶ 4}   Rowe now appeals and assigns the following error:

> Trial Court erred by failing to apply Ohio law, which mandates Defendants inspect and maintain their electrical appliances and warn business invitees such as Appellant Rowe of latent hazards.

{¶ 5}   A trial court will grant summary judgment under Civ.R. 56 when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party.  *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29.  Appellate review of a trial court's ruling on a motion for summary judgment is de novo.  *Hudson* at ¶ 29.  This means that an appellate court conducts an independent review, without deference to the trial court's determination.  *Zurz v. 770 W. Broad AGA, L.L.C.*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 6}   To establish actionable negligence, a plaintiff must show the existence of a duty, the breach of that duty, and injury resulting proximately therefrom.  *Ruther v. Kaiser*, 134 Ohio St.3d 408, 2012-Ohio-5686, ¶ 16.  Rowe asserts a negligence claim based on premises liability.  Therefore, the scope of the legal duty that Pseekoses owe to Rowe depends whether Rowe was a trespasser, licensee, or invitee.  *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 315 (1996).  The parties dispute whether Rowe should be classified as a licensee or an invitee.  For purposes of this decision, we will assume, without deciding, that Rowe is correct in arguing that she was an invitee.

{¶ 7}   A landowner is not an insurer of invitees' safety.  *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, ¶ 11.   Rather, a landowner owes invitees "a

duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers." *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, ¶ 5.   The landowner's duty to invitees also includes the obligation to inspect the premises to discover possible dangerous conditions. *Perry v. Eastgreen Realty Co.*, 53 Ohio St.2d 51, 52 (1978).   Should a landowner fail to conduct a reasonable inspection of the premises, the landowner will be charged with constructive knowledge of any latent defect which the landowner would have discovered had he or she conducted the reasonable inspection. *Beck v. Camden Place at Tuttle Crossing*, 10th Dist. No. 02AP-1370, 2004-Ohio-2989, ¶ 30.   Once imputed with constructive knowledge of the latent defect, the landowner may face liability for failing to warn the invitee of the latent defect or otherwise make the premises reasonably safe. *Ferguson v. Eastwood Mall, Inc.*, 11th Dist. No. 97 CV 134 (Dec. 4, 1998).

{¶ 8}   A landowner " 'has a duty to undertake *reasonable* inspections, not to inspect everything that might conceivably cause injury.' "   (Emphasis sic.)   *Aldamen v. Sunburst USA, Inc.*, 10th Dist. No. 08AP-235, 2008-Ohio-5071, ¶ 17, quoting *Tarkany v. Bd. of Trustees of Ohio State Univ.*, 10th Dist. No. 90AP-1398 (June 4, 1991). Moreover, a landowner who undertakes an inspection is not held to a 100 percent success rate, if the inspection was reasonable under the circumstances. *Fitch v. Lake Cty. Historical Soc.*, 11th Dist. No. 2001-L-135, 2002-Ohio-4223, ¶ 31.   What constitutes a "reasonable inspection" under the circumstances of a given case is ordinarily a question for the trier of fact. *Aldaman* at ¶ 17.

{¶ 9}   In the case at bar, the dangerous condition was a damaged electrical cord attached to the clock.   The record contains no photographs of the damage.   In his deposition, James Pseekos described the damage as consisting of "exposed wires in the middle of the cord."   (R. 107, at 16.)   Like her husband, Stella Pseekos described the damage as an exposed wire, less than an inch in length.   Both Pseekoses deny knowing of the exposed wire prior to Rowe's injury.   The question, therefore, is whether the Pseekoses reasonably inspected the clock.   If they failed to reasonably inspect the clock, then they can be charged with constructive knowledge of the defect.

{¶ 10} The Pseekoses never engaged in a formal or official inspection of the clock, nor did they hire a professional to inspect their electrical appliances.   The Pseekoses did

nothing to maintain the clock other than replacing the electrical cord in 1993. However, on November 2, 2008—approximately one week prior to Rowe's injury—James Pseekos turned the clock back one hour for daylight savings time. The mechanism to change the time is on the back of the clock, near where the electrical cord enters the clock. In his deposition, James Pseekos testified that, while changing the clock, he picked up the clock and looked at the electrical cord coming from the clock. The damage to the electrical cord that he saw after Rowe's injury was not present. James Pseekos could not recall, however, if he looked at the whole electrical cord. Later, in his affidavit, James Pseekos stated:

> 10. While I do not specifically recall looking at the cord, I believe if the wire in the cord was exposed when I changed the time I would have noticed it. I did not notice any plastic missing from the cord when I changed the time.
>
> * * *
>
> 22. While I did notice a portion of the plastic cord was off of the cord after Ms. Rowe claimed she was injured, this was not present on or about November 2, 2008 and there was no notice to me of any missing portion of plastic on the cord prior to Ms. Rowe's alleged injury.

(R. 97.)

{¶ 11} James Pseekos' testimony establishes that he inspected the clock. While James Pseekos' inspection of the clock was cursory, nothing had alerted the Pseekoses that a more thorough inspection was necessary. Neither James nor Stella Pseekos had experienced any problems with the clock prior to Rowe's injury. The Pseekoses had no pets that might gnaw on electrical cords and expose the plastic-encased wires. Given this evidence, we conclude that reasonable minds could only find that James Pseekos' inspection of the clock was reasonable. Consequently, the Pseekoses did not breach their duty to conduct a reasonable inspection. Moreover, as the Pseekoses cannot be charged with constructive notice of the latent defect in the clock's electrical cord, they did not breach their duty to warn Rowe of the defect or otherwise make the clock reasonably safe. Accordingly, we conclude that the trial court properly granted the Pseekoses summary judgment, and we overrule Rowe's assignment of error.

{¶ 12} Both Rowe and the Pseekoses moved to strike portions of the other side's brief. We deny both motions.

{¶ 13} For the foregoing reasons, we overrule the sole assignment of error, and we affirm the judgment of the Franklin County Court of Common Pleas.

*Motions to strike denied; judgment affirmed.*

DORRIAN and O'GRADY, JJ., concur.

—————————————