[Cite as *Sanborn v. Univ. of Cincinnati*, 2023-Ohio-2657.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| CASIE SANBORN | Case No. 2022-00222JD |
| Plaintiff | Magistrate Scott Sheets |
| v. | <u>DECISION OF THE MAGISTRATE</u> |
| UNIVERSITY OF CINCINNATI | |
| Defendant | |

{¶1} Plaintiff asserts a negligence claim for injuries she sustained on July 28, 2018 when she fell while returning to her vehicle after she and her family attended a soccer match at defendant's Nippert Stadium. The case was bifurcated and the issue of liability was tried before a magistrate on June 20, 2023. In addition to plaintiff, defendant's Director of Facilities, Grounds, Moving, and Transportation, Elizabeth Rains, and Senior Construction Administrator, Doug Newell, testified at trial. Several photographs, marked as joint exhibits, were admitted into evidence. For the following reasons, the magistrate recommends judgment in defendant's favor.

**Findings of Fact**

{¶2} On July 28, 2018, plaintiff attended a soccer match on defendant's campus with her husband and four children. While walking to the parking garage after the game, plaintiff fell and injured her left leg after she left the sidewalk to cut through a grassy, hilly, and unlit tree grove. Defendant's college of business was under construction and adjacent to the area as well. However, a fence enclosed the entire construction zone and signs were present to detour pedestrians around the construction. Plaintiff's fall occurred in an area outside of this construction zone, where no construction activity had taken place.

{¶3} Plaintiff left the soccer venue at approximately 9:30 or 9:45; it was dark. Plaintiff and her family walked around the fenced-off construction area, following the sidewalk to the left depicted in Exhibit C, toward their parked car. As depicted in Exhibit J, lights lined the sidewalk. Plaintiff, while carrying her 4-year-old child, followed her husband off the sidewalk to cut through an adjacent dark grassy area that, in addition to being unlit, contained hills and several large trees.

{¶4} As plaintiff descended one of the hills, which she approximated as 3-4 feet high, plaintiff's left leg and foot got caught in a grass covered hole large enough to engulf her entire foot. No pictures of the hole were offered at trial and plaintiff did not testify to its exact dimensions or any other physical characteristics. However, plaintiff testified that she did not see the hole before stepping into it and that, as grass concealed it, she did not believe that she would have been able to see it even in daylight. Plaintiff's left leg eventually required surgery.

{¶5} Plaintiff fell in the area encompassed within the red circle in Exhibit A, after departing the curved sidewalk near the bottom of the circle. Exhibits B-1 and B-2 depict the area during the daytime from ground level. Exhibit J is an elevated picture of the area from an adjacent building. It depicts the area on July 28, 2018, at 9:46 p.m. Plaintiff's fall occurred somewhere in the dark group of trees near the center of this picture that are between the partially constructed business college at the top and the curvy sidewalk that runs along the trees' left side.

{¶6} Elizabeth Rains, defendant's Director of Facilities, Grounds, Moving and Transportation, oversees maintenance of defendant's grounds. She explained that the grassy, mounded area where plaintiff fell is a tree grove intended to provide a natural aesthetic to defendant's campus and is not intended for pedestrian traffic. Mounds were intentionally placed in the tree grove and accessible sidewalks surround the tree grove to discourage pedestrian travel and to prevent "cow paths" caused by foot traffic through natural areas. The sidewalks are lit. However, there are no warning signs in the tree grove where plaintiff fell and defendant was aware that pedestrians traversed this area.

{¶7} Ms. Rains is notified of all repairs to defendant's grounds as well as reported injuries that occur on and/or are related to grounds. She has access to the work order system where repairs are recorded. Ms. Rains received no reports of any injuries in the

area where plaintiff fell before July 28, 2018.  She could locate no record of any damage or work in the area leading up to plaintiff's injury.

{¶8} Grounds crew employees traverse campus on a daily basis performing their various job duties and report hazards and needed repairs.  Other staff, as well as students and vistiors, can also report hazards on campus.  Additionally, there are enviornmental health and safety employees who perform daily "walkabouts,"  inspecting defendant's campus for possible hazards.  Rains also personally performs a walkabout once a week.  These walkabouts are not limited to sidewalks.

**Conclusions of Law**

{¶9} To prevail on a claim for negligence, plaintiff must prove by a preponderance of the evidence that (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, and (3) the breach of the duty proximately caused the plaintiff's injury." *Jenkins v. Ohio Dept. of Rehab & Corr.,* 10th Dist. No. 12AP-787, 2013-Ohio-5106, ¶ 6.  It is well established that a preponderance of the evidence "'means evidence that is more probable, more persuasive, or of greater probative value.'" *Brothers v. Morrone-O'Keefe Dev. Co., LLC,* 10th Dist. Franklin No. 06AP-713, 2007-Ohio-1942, ¶ 49, quoting *Manogg v. Stickle*, 5th Dist. Licking NO. 99CA56, 1999 Ohio App. LEXIS 6322 (Dec. 29, 1999).

{¶10} Under Ohio law, the duty owed by an owner or occupier of premises generally depends on whether the injured person is an invitee, licensee, or trespasser. *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 315, 662 N.E.2d 287 (1996).  Though seemingly not in dispute, the magistrate finds that plaintiff was an invitee on July 28, 2018*.  See Brown v. Cleveland Baseball Co.*, 158 Ohio St.1, 106 N.E.2d 632 (1952).  An owner or occupier of premises generally owes invitees "a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers." *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 5.

{¶11} In order "to establish that the owner or occupier failed to exercise ordinary care, the invitee must establish that: (1) the owner of the premises or his agent was responsible for the hazard of which the invitee has complained; (2) at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its

existence or to remove it promptly; or (3) the hazard existed for a sufficient length of time to justify the inference that the failure to warn against it or remove it was attributable to a ·lack of ordinary care." *Price v. United Dairy Farmers, Inc.,* 10th Dist. Franklin No. 04AP-83, 2004-Ohio-3392, ¶ 6. Indeed, if defendant failed "to conduct a reasonable inspection of the premises, [it] will be charged with constructive knowledge of any latent defect which [it] would have discovered had [it] conducted the reasonable inspection" and it "may face liability for failing to warn the invitee of the latent defect or otherwise make the premises reasonably safe." *Rowe v. Pseekos*, 10th Dist. Franklin No. 13AP-889, 2014-Ohio-2024, ¶ 7. However, a landowner's duty is to "undertake *reasonable* inspections, not to inspect everything that might conceivably cause injury." (Emphasis sic.) *Aldamen v. Sunburst USA, Inc.*, 10th Dist. Franklin No. 08AP-235, 2008-Ohio-5071, ¶ 17, quoting *Tarkany v. Bd. of Trustees of Ohio State Univ.*, 10th Dist. Franklin No. 90AP-1398, 1991 Ohio App. LEXIS 2648, 5 (June 4, 1991). Moreover, "a landowner who undertakes an inspection is not held to a 100 percent success rate, if the inspection was reasonable under the circumstances." *Rowe* at ¶ 8.

**Decision**

{¶12} Based on the predicative facts set forth, *supra*, the magistrate makes the following additional factual findings as well as his recommendation for judgment to the court.

{¶13} At trial, plaintiff conceded that defendant lacked actual notice. The magistrate also finds that plaintiff failed to prove by the greater weight of the evidence that defendant had constructive notice. Plaintiff presented no evidence as to the length of time that the hole existed. In addition, there had been no hazards discovered or reported and no repairs in the tree grove before plaintiff's accident. Thus, no circumstances existed that would have imparted notice to defendant of a general problem with holes or other tripping hazards in the area.

{¶14} There is also no evidence that nearby construction somehow imparted constructive notice. Mr. Newell testified that the fence separated all construction activity

from areas outside the fence and that no construction activity took place in the tree grove where plaintiff fell. Plaintiff presented no evidence that construction activity caused or contributed to the hole in which she fell.

{¶15} Moreover, the magistrate finds plaintiff failed to prove by the greater weight of the evidence that defendant failed to conduct reasonable inspections, which might also have imparted constructive notice. Defendant presented evidence establishing that, in addition to reports from employees who perform daily grounds' work, there are designated environmental health and safety employees who perform daily walkabouts looking for hazards. Ms. Rains also walks the campus on a weekly basis. The magistrate also notes that plaintiff testified that grass completely covered the hole that caused her fall. Thus, the magistrate finds that the hole would have been discovered only through a very close inspection of the exact area where plaintiff fell. This is simply not what a reasonable inspection or the duty of ordinary care requires. The evidence establishes that several of defendant's employees undertake regular and frequent visual inspections and the magistrate finds that defendant's visual inspection routine is reasonable under the circumstances. *See Tarkany* at 6 (A routine visual inspection can satisfy the duty of ordinary care.); *Rowe* at ¶ 9-11 (A cursory, visual inspection does not breach the duty to conduct a reasonable inspection.)

{¶16} Consequently, lacking notice of the hole that caused plaintiff's fall, defendant did not breach its duty of ordinary care despite the absence of warning signs in the tree grove. The hills and darkness themselves served as an obvious warning of their inherent hazards. Moreover, plaintiff did not trip on a tree root or on one of the hills in the tree grove; she stepped into a concealed hole. If defendant had notice of the hole, then it would have had a duty to remedy the condition or warn of it, but it lacked notice and, therefore, it breached no duty.

{¶17} For the foregoing reasons, the magistrate recommends judgment in defendant's favor.

{¶18} *A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections*

*are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

SCOTT SHEETS
Magistrate

**Filed June 27, 2023**
**Sent to S.C. Reporter 7/31/23**