[Cite as *Dudley v. Ohio Dept. of Transp.*, 2025-Ohio-5188.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| VIRGINIA M. DUDLEY | Case No. 2023-00760JD |
| Plaintiff | Magistrate Adam Z. Morris |
| v. | <u>DECISION OF THE MAGISTRATE</u> |
| OHIO DEPARTMENT OF TRANSPORTATION | |
| Defendant | |

{¶1} Plaintiff, Virginia M. Dudley, brought this action alleging negligence on the part of Defendant, Ohio Department of Transportation (ODOT), related to the alleged lack of proper maintenance and warning of a malfunctioning door at a public rest stop, which caused Plaintiff to fall and sustain physical injuries on July 31, 2022.

{¶2} The case proceeded to a bifurcated trial on liability before the undersigned Magistrate. For the following reasons, the Magistrate recommends judgment be entered in favor of Defendant.

**Background**

{¶3} Plaintiff, through counsel, presented her case-in-chief. Plaintiff presented testimony on her own behalf as well as presented witness testimony from her daughter-in-law Marilyn Dudley. The Magistrate admitted Defendant's Exhibit A (to the extent not excluded by hearsay) into evidence.

{¶4} Upon the close of Plaintiff's case-in-chief, Defendant moved for dismissal pursuant to Civ.R. 41(B)(2). The Magistrate deferred ruling on Defendant's Motion for Dismissal until the close of all evidence. *See* Civ.R. 41(B)(2) ("The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.").

{¶5} Trial proceeded to Defendant's case-in-chief.

{¶6} Defendant rested its case-in-chief without calling a witness or moving for the admittance of exhibits into evidence.

{¶7} Upon the conclusion of all evidence, the Magistrate issued a simultaneous briefing schedule for written closing arguments in lieu of oral closing arguments as well as Defendant's Motion for Dismissal, which have each been fully briefed. (*See* September 17, 2025 Order of the Magistrate). Upon review, Defendant's Motion to Dismiss pursuant to Civ.R. 41(B)(2) is hereby DENIED in accordance with the rule, and instead the Magistrate renders judgment on the merits.

{¶8} Upon review, based on the evidence presented, the Magistrate issues the following findings of fact and conclusions of law.

**Findings of Fact**

{¶9} On July 31, 2022, Plaintiff was the passenger in a motor vehicle returning home from Bloomington, Indiana to Akron/Doylestown, Ohio. Plaintiff was traveling with her sons, Bob and Rick, and her daughter-in-law, Marilyn, Rick's wife. The family had traveled to Bloomington to visit Plaintiff's sister.

{¶10} After a few hours of driving, the family stopped at Defendant's rest stop along Interstate 70 East in Madison County, Ohio, their first stop of the trip. The family made a group decision to stop and use the restroom before completing their trip. Plaintiff also testified that she wanted to purchase snacks; however, Marilyn's testimony did not mention purchasing snacks as part of Plaintiff or the group's decision to stop. It is unknown whether Defendant had signs placed along Interstate 70 East alerting motorists that this rest stop had public vending machines or whether there were any public vending machines available at the rest stop after arrival.

{¶11} Each family member exited the vehicle and proceeded in a line into the rest stop building. Rick entered the rest stop building first because he uses a mobility device, followed by Marilyn who was assisting Rick, then Bob, and finally Plaintiff. Plaintiff did not require the use of a mobility device at that time.

{¶12} The rest stop building had two sets of doors and the outer set of doors operated on a hinge system. The outer set of doors opened the doors outward, away from the building. As the family approached the building, the outer door was already

open.  No one from Plaintiff's family pushed any kind of button to open the door, nor physically opened the door itself.  Neither Plaintiff nor Marilyn testified that they saw any other visitors at the rest stop open and/or close the door.  It is unknown what type of act was required to open/close the door and/or what type of mechanism opened/closed the door.

{¶13} Plaintiff's fall at Defendant's rest stop occurred at the outer set of doors. While approaching the building, and while entering through the outer door, neither Plaintiff nor her family witnessed the door attempting to close and then reopen nor recall if there was signage related to the door's operation.  Rick, Marilyn, and Bob had already walked through the open outer door when they heard Plaintiff yell behind them.  As Plaintiff walked through the outer door, the door closed, knocking Plaintiff to the ground.  Plaintiff's family did not witness the door close on Plaintiff.  Plaintiff's upper body was inside the building, and her lower body was outside the building, with the outer door resting on her. Other visitors assisted Plaintiff by opening the outer door and removing it off Plaintiff.

{¶14} After Plaintiff's fall, Marilyn helped Plaintiff into the building.  Plaintiff heard an angry man yelling "I told him about that door" but Plaintiff could not identify neither the angry man nor the "him" he referred to.  Marilyn witnessed a man in an orange/yellow vest but similarly failed to identify the man.

{¶15} Plaintiff remained on the ground for approximately 30 minutes after the fall. An Ohio State Highway Patrol (OSHP) trooper arrived at the rest stop to take an incident report.  Plaintiff's family spoke with the OSHP trooper, but Plaintiff did not speak with the OSHP trooper.  EMS arrived at the rest stop and transported Plaintiff to Doctor's Hospital in Columbus where she was admitted with physical injuries.

**Conclusions of Law**

{¶16} To prevail on a negligence claim, a plaintiff must prove by a preponderance of the evidence that defendant owed plaintiff a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused plaintiff's injuries. *Armstrong v. Best Buy Co., Inc.*, 2003-Ohio-2573, ¶ 8, citing *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77 (1984).  The failure to prove any element is

fatal to a negligence claim. *Whiting v. Ohio Dept. of Mental Health*, 141 Ohio App. 3d 198, 202 (10th Dist. 2001).

{¶17} Under Ohio law, the duty owed by an owner or occupier of a premises generally depends on whether the injured person is an invitee, licensee, or trespasser. *Gladon v. Greater Cleveland Regional Transit Auth*., 75 Ohio St.3d 312, 315 (1996). "An invitee is one who enters property by invitation and for the benefit of the property owner or occupier. Thus, to be an invitee, one must establish that the premises owner received a tangible or economic benefit from the visit. By contrast, a licensee is one who enters property with the permission or acquiescence of the owner or occupier and for the benefit of the individual instead of the owner or occupier." (Citations omitted.) *Carlson v. Ohio Dept. of Transp.*, 2011-Ohio-5973, ¶ 6 (10th Dist.).

{¶18} "Individuals who use public roadside rest area facilities are, as a general rule, licensees for purposes of establishing the duty of care owed to them by the state or its agencies." *Provencher v. Ohio Dept. of Transp.*, 49 Ohio St. 3d 265 (1990), paragraph one of the syllabus, citing *Light v. Ohio Univ.*, 28 Ohio St. 3d 66, 68 (1986). However, "[t]he very presence of the phrase 'as a general rule' in the syllabus [of *Provencher*] implies that people who visit a public roadside rest area facility may on occasion be able to demonstrate that they are an invitee, not merely a licensee." *Talley v. Ohio Dept. of Transp.*, 2001 Ohio App. LEXIS 388, *5 (10th Dist. Feb. 6, 2001).

{¶19} Upon review of the evidence, the Magistrate concludes that Plaintiff was a licensee. Although Plaintiff stated she intended to purchase snacks, the record is absent any other corroborating evidence that Plaintiff's visit could have actually provided a tangible or economic benefit on Defendant. Specifically, Plaintiff failed to present evidence of interstate signs announcing an upcoming rest stop encouraging motorists to stop so that Defendant could receive economic gain or other tangible benefits. Nor did Plaintiff present any evidence that this particular rest stop did, in fact, have vending machines that could have provided Plaintiff a snack in exchange for an economic or tangible benefit on Defendant. *Compare Carlson* at ¶ 7-15 *with Talley* at *4-5.

{¶20} Upon review of the evidence, the Magistrate concludes that Plaintiff has not established by a preponderance of the evidence that Defendant violated its duty of care owed to Plaintiff at a public rest stop.

*Licensee*

{¶21} "[A] landowner owes no duty to a licensee . . . except to refrain from willful, wanton or reckless conduct which is likely to injure [the licensee]." *Gladon*, 75 Ohio St. 3d at 317. Moreover, if the licensor knows a danger is present, the licensor must warn the licensee of this danger which the licensee cannot reasonably be expected to discover and should otherwise not expose the licensee to any hidden danger, pitfall, or obstruction. *Salemi v. Duffy Construction Corporation*, 3 Ohio St.2d 169 (1965), paragraph one of the syllabus; *Hannan v. Ehrlich*, 102 Ohio St. 176 (1921), paragraph four of the syllabus.

{¶22} "A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if, . . . (a) the possessor knows or has reason to know of the condition and should realize that it involved an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and . . . (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and . . . (c) the licensees do not know or have reason to know of the condition and the risk involved." 2 Restatement of the Law 2d, Torts (1965), Section 342.

{¶23} Upon review of the evidence, the Magistrate concludes that Plaintiff has failed to establish by a preponderance of the evidence that Defendant breached its duty owed to Plaintiff as a licensee. Initially, the evidence fails to establish any action or inaction on behalf of Defendant at the rest stop that could remotely be considered wanton or willful misconduct. *See Carlson*, 2011-Ohio-5973, ¶ 16 (10th Dist.). In fact, the evidence does not establish any specific action or inaction, of any type, on behalf of Defendant. Moreover, there is no evidence that Defendant knew of any hazards with the door which would have required them to correct or to warn Plaintiff of during her stop at the rest area. Although there was an angry man yelling "I told him about that door," neither the angry man nor the "him" he referred to were identified to be associated with Defendant to construe notice of any hazards. Additionally, the man in an orange/yellow vest was also not identified to be associated with Defendant.

{¶24} Accordingly, the Magistrate concludes that Defendant did not act with willful or wanton misconduct nor failed to warn or otherwise expose Plaintiff to a known hidden danger.

*Invitee*

{¶25} Even assuming arguendo that Plaintiff was an invitee, upon review of the evidence, the Magistrate concludes that Defendant did not breach its duty owed to Plaintiff.

{¶26} An owner or occupier of a premises owes its invitees "a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers." *Armstrong*, 2003-Ohio-2573, ¶ 5. In order "to establish that the owner or occupier failed to exercise ordinary care, the invitee must establish that: (1) the owner of the premises or his agent was responsible for the hazard of which the invitee has complained; (2) at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its existence or to remove it promptly; or (3) the hazard existed for a sufficient length of time to justify the inference that the failure to warn against it or remove it was attributable to a lack of ordinary care." *Price v. United Dairy Farmers, Inc.*, 2004-Ohio-3392, ¶ 6 (10th Dist.).

{¶27} A defendant's liability related to creating a hazard can be shown by evidence establishing a "causal nexus between the actions of the defendant and the plaintiff's fall." *See Mercer v. Wal-Mart Stores, Inc.*, 2013-Ohio-5607, ¶ 17 (10th Dist.). "Notice may be actual or constructive, the distinction being the manner in which the notice is obtained rather than the amount of information obtained." *Watson v. Ohio Dept. of Rehab. & Corr.*, 2012-Ohio-1017, ¶ 9 (10th Dist.). "Whenever the trier of fact is entitled to find from competent evidence that information was personally communicated to or received by the party, the notice is actual. Constructive notice is that notice which the law regards as sufficient to give notice and is regarded as a substitute for actual notice." *Hughes v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-4736, ¶ 14 (10th Dist.); *see also Gelarden v. Ohio Dept. of Transp., Dist. 4*, 2007-Ohio-3047, ¶ 8 (Ct. of Cl.), citing *Guiher v. Dept. of Transp.*, Ct. of Cl. No. 78-0126-AD (1978) (For there to be constructive notice, plaintiff must prove that "sufficient time has elapsed after the dangerous condition

appears, so that under the circumstances defendant should have acquired knowledge of its existence.").

{¶28} Moreover, if a defendant failed "to conduct a reasonable inspection of the premises, [it] will be charged with constructive knowledge of any latent defect which [it] would have discovered had [it] conducted the reasonable inspection" and it "may face liability for failing to warn the invitee of the latent defect or otherwise make the premises reasonably safe." *Rowe v. Pseekos*, 2014-Ohio-2024, ¶ 7 (10th Dist.). However, a landowner's duty is to "undertake *reasonable* inspections, not to inspect everything that might conceivably cause injury." *Aldamen v. Sunburst USA, Inc.*, 2008-Ohio-5071, ¶ 17 (10th Dist.), quoting *Tarkany v. Bd. of Trustees of Ohio State Univ.*, 1991 Ohio App. LEXIS 2648, *5 (10th Dist. June 4, 1991). And "a landowner who undertakes an inspection is not held to a 100 percent success rate, if the inspection was reasonable under the circumstances." *Rowe* at ¶ 8.

{¶29} Upon review of the evidence, the Magistrate concludes that Plaintiff has failed to establish by a preponderance of the evidence that Defendant breached its duty owed to Plaintiff as an invitee. Initially, the evidence fails to establish any action or inaction on behalf of Defendant at the rest stop that could remotely be considered Defendant creating the hazard. In fact, the evidence does not establish any specific action or inaction, of any type, on behalf of Defendant. Moreover, there is no evidence that Defendant had actual or constructive knowledge. Although there was an angry man yelling "I told him about that door," neither the angry man nor the "him" he referred to were identified to be associated with Defendant to construe notice of any hazards. Similarly, the man in an orange/yellow vest was also not identified to be associated with Defendant. Also, Plaintiff presented no evidence to indicate how long there may have been an issue with the door, if there was any, or if/when any inspections occurred.

{¶30} Accordingly, the Magistrate concludes that Defendant did not create the hazard nor have actual or constructive notice of any hazard.

*Res ipsa loquitor*

{¶31} Upon review of the evidence, the Magistrate concludes that Plaintiff's reliance on the doctrine of res ipsa loquitor, specifically that the door was under the

exclusive control of Defendant, is not well-taken. (*See* Plaintiff's Closing Argument, p. 3-5).

{¶32} "The doctrine of res ipsa loquitor 'is "a rule of evidence which permits the trier of fact to infer negligence on the part of the defendant from the circumstances surrounding the injury to plaintiff."'" *Schultz v. Ohio Dept. of Rehab. & Corr.*, 2022-Ohio-459, ¶ 59 (10th Dist.), quoting *Heiert v. Crossroad Community Church, Inc.*, 2021-Ohio-1649, ¶ 45 (1st Dist.) quoting *Hake v. George Wiedemann Brewing Co.*, 23 Ohio St.2d 65, 66 (1970). "In order for 'the doctrine to apply, a plaintiff must show "(1) [t]hat the instrumentality causing the injury was, at the time of the injury, or at the time of the creation of the condition causing the injury, under the exclusive management and control of the defendant; and (2) that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed."'" *Schultz* at ¶ 59, quoting *Heiert* at ¶ 45, quoting *Hake* at 66-67.

{¶33} "However, '[t]he Ohio Supreme Court has stressed that this rule of evidence should only be used when a defendant's negligence is the only reasonable inference from the facts.'" *Schultz* at ¶ 60, quoting *Klasic v. Time Warner Entertainment Co.*, 2007-Ohio-1125, ¶ 19 (7th Dist.). Furthermore, "[t]he doctrine of res ipsa loquitor does not supply proof that the instrumentality caused the plaintiff's injuries; rather, such proof of causation is a prerequisite to application of the doctrine in the first instance." *Hickey v. Otis Elevator Co.*, 2005-Ohio-4279, ¶ 27 (10th Dist.).

{¶34} Upon review of the evidence, the Magistrate concludes that the door was not under the exclusive control of Defendant at the time of the injury or at the time of the creation of the condition causing the injury. Plaintiff's fall occurred at a public rest stop operated by Defendant, but Plaintiff presented no evidence that only Defendant could control use of the door. Although Plaintiff and her family did not see anyone open or close the outer door as they entered the building, the evidence presented shows that other visitors not associated with Defendant can interact with the door because other visitors at the rest stop physically opened the door, removing it off Plaintiff after she fell.

{¶35} Moreover, Plaintiff provided no evidence related to the time of the creation of the condition causing Plaintiff's injuries. Indeed, it is unclear what defect and/or hazard, if any, existed with the door or within the door mechanism, other than the door closed

when Plaintiff alleges that it should not have closed, which is ultimately speculation and conjecture of a defect and/or hazard without further evidence about the installation and/or operation of the door. *See Gysegem v. Ohio State Univ. Wexner Med. Ctr.*, 2020-Ohio-4910, ¶ 52, quoting *Ault v. Hall*, 119 Ohio St. 422 (1928), paragraph one of the syllabus ("'A presumption of negligence is never indulged from the mere fact of injury, but the burden of proof is upon the plaintiff to prove the negligence of the defendant and that such negligence is a proximate cause of injury and damage.'"). Simply put, Defendant's alleged negligence is not the only reasonable inference from the evidence.

{¶36} Accordingly, the Magistrate concludes that the doctrine of res ipsa loquitur is inapplicable given the evidence.

**Conclusion**

{¶37} Based upon the foregoing, the Magistrate concludes that Plaintiff failed to satisfy the elements of her claim for negligence by a preponderance of the evidence. Accordingly, the Magistrate recommends judgment be entered in favor of Defendant.

{¶38} *A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
ADAM Z. MORRIS
Magistrate

**Filed October 17, 2025**
**Sent to S.C. Reporter 11/17/25**